IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN KOE, | : | CASE NO. 1:22-cv-1455-DAP |
| Plaintiff | : | JUDGE DANIEL A. POLSTER |
| v. | : | |
| UNIVERSITY HOSPITALS HEALTH SYSTEM, INC., et al. | : | |
| Defendants. | : | |

### DEFENDANTS' MOTION TO DISMISS

Pursuant to Rules 3, 10(a) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendants University Hospitals Health Systems, Inc. ("UHHS") and University Hospitals Cleveland Medical Center ("UHCMC") (UHHS and UHCMC are collectively, "Defendants") by and through undersigned counsel, respectively move to dismiss the Complaint for Employment Discrimination (the "Complaint") filed by Plaintiff John Koe, a pseudonym ("Plaintiff"). The Sixth Circuit has long held that the "[f]ailure to seek permission to proceed under a pseudonym is fatal to an anonymous plaintiff's case. . ." *Citizens for a Strong Ohio v. Marsh*, 123 Fed. Appx. 630, 637 (6th Cir. Jan. 3, 2005); *see also Ericksen v. United States*, Case No. 17-1526, 2017 U.S. App. LEXIS 22511 *2 (6th Cir. Sept. 12, 2017) ("'[f]ailure to seek permission to proceed under a pseudonym is fatal to an anonymous plaintiff's case . . . .'" *quoting Marsh*, 123 F. Appx. at 637)).

Pursuant to Rule 3, an action is commenced "by filing a complaint with the court." Fed. R. Civ. P. 3. To be a valid complaint that complies with Rules 7 and 10, "[t]he title of the complaint must name all the parties . . . ." Fed. R. Civ. P. 10(a); *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). In this matter, Plaintiff's Complaint does not comply with Rule 10(a) and,

therefore, Plaintiff has failed to "commence[]" an action against Defendants.  *Marsh*, 123 Fed. Appx. at 637 (*citing Nat'l Commodity & Barter Ass'n Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989)).

Based on Plaintiff's failure to commence this lawsuit, the Complaint fails as a matter of law and it should be dismissed.  *Ashcroft v. Iqbal*, 556 U.S. 662, 674, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).  A brief Memorandum in Support of this Motion is attached.

                                Respectfully submitted,

                                */s/ Donald G. Slezak*
                                David A. Campbell (0066494)
                                Donald G. Slezak (0092422)
                                Lewis Brisbois Bisgaard & Smith, LLP
                                1375 E. 9th Street, Suite 2250
                                Cleveland, OH 44114
                                Phone: (216) 298-1262
                                Fax: (216) 344-9421
                                david.a.campbell@lewisbrisbois.com
                                donald.slezak@lewisbrisbois.com

                                *Attorneys for Defendants*

**MEMORANDUM IN SUPPORT**

I.  **INTRODUCTION**

"As a general rule, parties may not litigate their disputes anonymously." *Klein v. City of New York*, Case No. 10 Civ. 9568, 2011 U.S. Dist. LEXIS 8507 *2 (S.D.N.Y. Aug. 3, 2011). "The Federal Rules thus make no provision for suits by persons using fictitious names or for anonymous plaintiffs." *Nat'l Commodity & Barter Ass'n Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989). The obvious reason for this rule against anonymous plaintiffs is that "[t]he people have a right to know who is using their courts." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008) (*quoting Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997)).

Plaintiff John Koe, a pseudonym ("Plaintiff") has gone to great lengths maintaining his anonymity when filing his Complaint for Employment Discrimination (the "Complaint") against Defendants University Hospitals Health Systems, Inc. ("UHHS") and University Hospitals Cleveland Medical Center ("UHCMC") (UHHS and UHCMC are collectively, "Defendants"). (ECF #1). In preparation for the anonymous filing of his complaint, Plaintiff created an anonymous email address and a post office box. (ECF #1, pg. 1).

However, although Plaintiff planned to keep his identity anonymous, Plaintiff failed to review the Federal Rules of Civil Procedure before proceeding in this unique manner. Rule 10(a) of the Federal Rules of Civil Procedure states that "[t]he title of the complaint must name all the parties. . . ." Fed. R. Civ. P. 10(a). By not filing an appropriate pleading, Plaintiff did not "commence" this action. Fed. R. Civ. P. 3. In addition, although Plaintiff had to timely file a charge of discrimination against Defendants and file his Title VII and ADA lawsuit within ninety days of receiving his right-to-sue letter from the EEOC, the Complaint wholly fails to attach

4863-7992-8883.1                                                  3

these documents and, therefore, it is impossible to determine whether Plaintiff has complied with his jurisdictional Title VII and ADA requirements.  (ECF #1); *Williams v. N.W. Airlines, Inc.*, 53 F. App'x 350, 351 (6th Cir. 2002) (citing 42 U.S.C. § 2000e-5(f)(1)).  In fact, although the Complaint alleges gender and disability discrimination, it is impossible for Defendants to know an anonymous plaintiff's sex, age, medical status or any other protected category.

The Sixth Circuit has long held that the "[f]ailure to seek permission to proceed under a pseudonym is ***fatal*** to an anonymous plaintiff's case. . ." *Citizens for a Strong Ohio v. Marsh*, 123 Fed. Appx. 630, 637 (6th Cir. Jan. 3, 2005) (emphasis added); *see also Ericksen v. United States*, Case No. 17-1526, 2017 U.S. App. LEXIS 22511 *2 (6th Cir. Sept. 12, 2017) ("'[f]ailure to seek permission to proceed under a pseudonym is fatal to an anonymous plaintiff's case . . . .'" *quoting Marsh*, 123 F. Appx. at 637)).  Accordingly, Defendant's motion to dismiss should be granted because Plaintiff's Complaint does not comply with Rule 10(a) and, therefore, Plaintiff has failed to "commence[]" an action against Defendant.  *Marsh*, 123 Fed. Appx. at 637 (*citing Nat'l Commodity & Barter Ass'n Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989)).

**II.     THE PLEADINGS**

Plaintiff filed the Complaint on August 15, 2022.  (ECF #1).  Proceeding anonymously, Plaintiff clearly planned in advance of the filing because the Complaint includes a post office box and an anonymous email address.  (ECF #1, pg. 1).

The Complaint alleges claims under Title VII and the ADA.  (ECF #1, pg. 3).  Specifically, Plaintiff alleges that Defendants discriminated against him based on his sex and disability.  (ECF #1, pg. 4).  The Complaint alleges that Plaintiff filed a charge of discrimination prior to the Complaint, but the charge is not attached.  (ECF #1, pg. 12).  The Complaint further

alleges that a right-to-sue letter was issued by the EEOC on May 17, 2022, but the right-to-sue letter is also not attached to the Complaint despite the fact that the Court's standard form directs Plaintiff to attach the right to sue letter. (ECF #1, pg. 12). Due to the fact that the sworn charge is not attached to the Complaint, it is impossible for Defendants to determine Plaintiff's sex, age, disability status or any other protected category. (ECF #1, pg. 12).

Based on the statement of facts, Plaintiff was a resident in a medical residency program associated with Case Western Reserve University. (ECF #1, pgs. 3 and 6). Although Plaintiff will not disclose his or her name, the Complaint identifies many other individuals who are associated with the residency program by name. (ECF #1, pgs. 7-12). The Complaint also provides specific facts regarding Plaintiff's medical license, dates of employment, type of specialty, and date of termination that any third party could identify Plaintiff's true identity without much effort. (ECF #1, pgs. 6-12).

### III. ARGUMENT

This lawsuit is a pro se plaintiff seeking to assert employment claims anonymously. The Complaint is signed in the anonymous name. (ECF #1, pg. 14). In addition, although alleging sex and disability discrimination, it is impossible to determine whether Plaintiff complied with the pre-lawsuit jurisdictional requirements or that Plaintiff is a male with alleged medical impairments. Accordingly, as set forth below, Defendants' motion to dismiss should be granted because Plaintiff's Complaint has not commenced an action under the Federal Rules.

#### A. Standard Of Review.

In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, a district court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. *Shoup v. Doyle*, 974 F. Supp. 2d 1058, 1071 (S.D. Ohio 2013); *Handy-Clay*

4863-7992-8883.1

5

*v. City of Memphis, Tenn.*, 695 F.3d 531, 538 (6th Cir. 2012). A court need not, however, credit bald assertions, legal conclusions, or unwarranted inferences. *Kavanagh v. Zwilling*, 578 F. App'x 24, 24 (2d Cir. 2014) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); see also Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face," and not merely "conceivable." *Twombly*, 550 U.S. at 570. The factual allegations must be sufficient "to raise a right to relief above the speculative level." *Id.* at 555. Although Rule 12(b)(6) does not impose a probability requirement at the pleading stage, a plaintiff must present enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements of a cause of action. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (*quotation marks omitted*). Simply reciting the elements of a cause of action does not suffice. *Iqbal*, 556 U.S. at 678.

In determining whether to grant a Rule 12(b)(6) motion, the Court may consider any exhibits attached to the complaint or a motion to dismiss. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

This Court should consider Plaintiff's pro se status when deciding this Motion. *Wagenknecht v. United States*, 533 F.3d 412, 415 (6th Cir. 2008) ("When determining whether to dismiss a pro se complaint, these complaints are held to less stringent standards than formal pleadings drafted by lawyers"); *Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983) (*quoting Haines v. Kerner*, 404 U.S. 519, 520 (1972) (When determining whether to dismiss a pro se complaint, these complaints "are held to 'less stringent standards than formal pleadings drafted by lawyers'"). However, in this matter, these liberal pleading standards do not alter the basic,

undisputed fact – Plaintiff has failed to properly commence this lawsuit within the ninety day right-to-sue time period.

      B.     **The Sixth Circuit's Commencement Standard.**

Pursuant to Rule 3, an action is commenced "by filing a complaint with the court." Fed. R. Civ. P. 3. To be a valid complaint that complies with Rules 7 and 10, "[t]he title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties." Fed. R. Civ. P. 10(a); *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).

Courts have uniformly established that "it is the litigant seeking to proceed under pseudonym that bears the burden to demonstrate a legitimate basis for proceeding in that manner." *Qualls v. Rumsfeld*, 228 F.R.D. 8, 13 (D.D.C. 2005). The Tenth Circuit Court of Appeals has long held that a plaintiff must make a "request to the district court for permission to proceed anonymously." *Nat'l Commodity & Barter Ass'n Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989). The Tenth Circuit has further held that "[a]bsent permission, the district court lacks 'jurisdiction over the unnamed parties, as a case has not been commenced with respect to them.'" *Oklahoma v. Biden*, 577 F.Supp.3d 1245, 1251-1252 (W.D. Ok. 2021) (citing W.N.J. v. Yocum, 257 F.3d 1171, 1172-1173 (10th Cir. 2001)).

In *Citizens for a Strong Ohio v. Marsh*, 123 Fed. Appx. 630, 637 (6th Cir. Jan. 3, 2005), the Sixth Circuit adopted the Tenth Circuit's longstanding anonymous pleading standard set forth in *Nat'l Commodity & Barter Ass'n Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989). *Marsh*, 123 Fed. Appx. at 637. The *Marsh* lawsuit was filed by two named plaintiffs and "various anonymous parties." *Id.* at 631. Relevant to this Motion, the district court in

*Marsh* granted a motion to dismiss the claims asserted by the anonymous parties. *Id.* On appeal, the *Marsh* court affirmed the dismissal of the claims asserted by the anonymous parties. *Id.*

The *Marsh* court's analysis is equally applicable to this case. *Id.* at 636-637. The *Marsh* court reasoned that permitting a John Doe to assert such a claim may permit a party to find an "easy way" to circumvent legal standards that are applicable to identified plaintiffs. *Id.* at 636. The Court further reasoned that "[o]rdinaily, a plaintiff wishing to proceed anonymously files a protective order that allows him or her to proceed under a pseudonym." *Id.* More importantly, "[f]ailure to seek permission to proceed under a pseudonym is fatal to an anonymous plaintiff's case. . . ." *Id.* The Court finally held, based on the Tenth Circuit's holding in *Nat'l Commodity & Barter Ass'n Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989), that a "'federal court[] lack[s] jurisdiction over the unnamed parties'" because the anonymous plaintiff did not "commenc[e]" the lawsuit. *Marsh*, 123 Fed. Appx. at 637 (*citing Gibbs*, 886 F.2d at 1245 (10th Cir. 1989)).

More recently, in *Ericksen v. United States*, Case No. 17-1526, 2017 U.S. App. LEXIS 22511 *2 (6th Cir. Sept. 12, 2017), the Sixth Circuit again reaffirmed its prior holding that the "'[f]ailure to seek permission to proceed under a pseudonym is fatal to an anonymous plaintiff's case . . . .'" *Id.* at *2 (*quoting Marsh*, 123 F. Appx. at 637)). In addition, numerous federal courts have dismissed anonymously filed complaints based on the Tenth Circuit's analysis that has been adopted by the *Marsh* court. *W.N.J. v. Yocom*, 257 F.3d 1171, 1172-1173 (10th Cir. 2001) (finding no jurisdiction where plaintiffs did not obtain district court's permission to proceed using initials); *M.A.C. v. Gildner*, 853 F. Appx. 207 (10th Cir. 2021) (explaining that this holding "is still the law of the circuit" and affirming the district court's sua sponte dismissal for lack of subject-matter jurisdiction where a plaintiff did not seek leave to proceed anonymously);

4863-7992-8883.1    8

*Barth v. Kaye*, 178 F.R.D. 371, 376 (N.D.N.Y. 1998) (refusing to allow plaintiff to proceed anonymously where plaintiff "failed to even request the privilege of proceeding anonymously, let alone make a showing that his factual situation warrants this special treatment"); *Estate of Rodriquez v. Drummond Co., Inc*., 256 F.Supp. 2d 1250 (N.D. Ala. 2003) (holding that court lacked jurisdiction over unnamed plaintiffs who did not seek leave to proceed anonymously before employing pseudonyms); *Doe v. Husband*, CIVIL ACTION NO. 4:03cv166, 2004 U.S. Dist. LEXIS 28345 *19 (E.D.Va. Aug. 10, 2004) ("the Court notes that jurisdictional problems arise when a plaintiff attempts to proceed anonymously without filing a request with the Court to do so").

### C. Plaintiff Has Failed To Timely Commence This Lawsuit.

The *Marsh* court's analysis is equally applicable to this matter. The Complaint in this matter was filed by a pro se plaintiff seeking to proceed anonymously. However, as in *Marsh*, Plaintiff failed to obtain permission from this Court before proceeding anonymously. Accordingly, this Court lacks jurisdiction over the Complaint because Plaintiff has not yet commenced an action against Defendants.

The commencement date is critical in this matter because a plaintiff must exhaust his administrative remedies as "a precondition" to filing a Title VII or ADA lawsuit. *Lockett v. Potter*, 259 F. App'x 784, 786 (6th Cir. 2008) (*citing McFarland v. Henderson*, 307 F.3d 402, 406 (6th Cir. 2002); *Benford v. Frank*, 943 F.2d 692, 612 (6th Cir. 1991)); *Waller v. Daimler Chrysler Corp*., 391 F. Supp. 2d 594, 598 (E.D. Mich. 2005 (administrative requirements apply to ADA claims). Before filing a discrimination lawsuit, a plaintiff must first file a timely administrative charge with the EEOC. *Williams v. N.W. Airlines, Inc*., 53 F. App'x 350, 351-52 (6th Cir. 2002) (*citing* 42 U.S.C. § 2000e-5(e)). If the alleged unlawful practice occurred in a

"deferral" state, such as Ohio, the plaintiff must file a charge with the EEOC within 300 days of the alleged discriminatory act. *Amini v. Oberlin Coll.*, 259 F.3d 493, 498 (6th Cir. 2001) (*quoting* 42 U.S.C. § 2000e-5(e)(1)). Once the EEOC dismisses a charge and issues a notice-of-right-to-sue, the plaintiff has 90 days to file a civil action. *N.W. Airlines, Inc.*, 53 F. App'x at 351 (citing 42 U.S.C. § 2000e-5(f)(1)). It is appropriate to dismiss a Title VII action for failure to timely exhaust administrative remedies. *Id.* at 352.

The right-to-sue letter, as alleged by Plaintiff, was issued on May 17, 2022. (ECF #1, pg. 12). Based on the date of the right-to-sue letter, Plaintiff's Complaint needed to be commenced the week of August 15, 2022. However, Plaintiff's anonymous filing did not meet the Rule 3 standard. Accordingly, the Complaint fails as a matter of law and Defendant's motion to dismiss should be granted because the captioned-complaint is not a valid filing and Plaintiff's ninety day period to file this lawsuit has passed. *N.W. Airlines, Inc.*, 53 F. App'x at 351.

### D. The Complaint Should Also Be Dismissed Because Plaintiff Cannot Meet The Anonymous Standard.

In order to leave no doubt that Plaintiff's filing is inappropriate, Defendants will address the standard for proceeding anonymously in a federal court lawsuit. Generally, "it is the exceptional case in which a plaintiff may proceed under a fictitious name." *Doe v. Carson*, No. 19-1566, 2020 U.S. App. LEXIS 14520, at *4-5 (6th Cir. May 6, 2020) (*citing Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (*per curiam*)). Federal courts have permitted plaintiffs to proceed anonymously "'[w]here the issues involved are matters of a sensitive and highly personal nature,' such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families," in cases in which the plaintiffs "were challenging the constitutional, statutory or regulatory validity of government activity." *S. Methodist Univ. Ass'n*

*of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712-713 (5th Cir. 1979)) (various citations).

In *Porter,* the Sixth Circuit set forth four factors for a district court to consider when faced with a plaintiff seeking to proceed anonymously: (1) Whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children. *Porter*, 370 F.3d at 560.

In this matter, Plaintiff is asserting employment claims and he previously filed a charge of discrimination that would be subject to disclosure through a freedom of information act request. Plaintiff is not a child, and he is not challenging government activity. Rather, Plaintiff is a physician with a public license who is asserting run-of-the-mill employment claims. Moreover, Plaintiff's Complaint provides many factual allegations that make it easy for any reader to identify Plaintiff's identify. Finally, the Complaint provides many details and, therefore, this litigation will not entail Plaintiff disclosing any facts of utmost intimacy. Accordingly, even if Plaintiff properly filed a motion to proceed anonymously, Plaintiff cannot meet the Sixth Circuit standards for proceeding in such a fashion.

**IV.    CONCLUSION**

Based on the above-cited arguments and authorities, Defendant's Motion to Dismiss should be granted. Plaintiff failed to commence this action by filing a proper complaint. In addition, the commencement date is critical in this matter because Plaintiff waited to file his anonymous complaint until the ninetieth day after he received the right-to-sue letter. Finally, Plaintiff cannot meet the high standard for proceeding anonymously. Accordingly, Defendant's

motion should be granted, the Complaint should be dismissed with prejudice, and this matter terminated.

        Respectfully submitted,

        */s/ Donald G. Slezak*
        David A. Campbell (0066494)
        Donald G. Slezak (0092422)
        Lewis Brisbois Bisgaard & Smith, LLP
        1375 E. 9th Street
        Suite 2250
        Cleveland, OH 44114
        Phone: (216) 298-1262
        Fax: (216) 344-9421
        david.a.campbell@lewisbrisbois.com
        donald.slezak@lewisbrisbois.com

        *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

II hereby certify that on this 16th day of September, 2022, the foregoing was filed through the Court's CM/ECF electronic filing system and will be served upon all counsel of record.

/s/ Donald G. Slezak
Donald G. Slezak (0092422)

*One of the Attorneys for Defendant*