IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN KOE, | : | CASE NO. 1:22-cv-1455-DAP |
| | : | |
| Plaintiff | : | JUDGE DANIEL A. POLSTER |
| | : | |
| v. | : | |
| | : | |
| UNIVERSITY HOSPITALS HEALTH SYSTEM, INC., et al. | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS' MOTION FOR A PROTECTIVE
ORDER SEEKING AN ORDER THAT REQUIRES PLAINTIFF
TO COMMUNICATE ONLY WITH DEFENDANTS' COUNSEL
OF RECORD WITH RESPECT TO THIS LITIGATION**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Defendants University Hospitals Health Systems, Inc. ("UHHS") and University Hospitals Cleveland Medical Center ("UHCMC") (UHHS and UHCMC are collectively, "Defendants") by and through undersigned counsel, respectively move this Court for a protective order (1) prohibiting Plaintiff John Koe ("Plaintiff") from communicating directly with Defendants' officers, Defendants' employees, and Defendants' affiliates; and (2) ordering Plaintiff to direct all communications concerning this lawsuit to Defendants' counsel of record in this matter.

Courts within this Circuit and other Federal Circuits issue protective orders pursuant to Rule 26(c) addressing inappropriate communications with *pro se* plaintiffs directly to defendants. *See Yao v. Oakland Univ.*, No. 2:21-cv-10523, 2022 U.S. Dist. LEXIS 11428 (E.D. Mich. Jan. 20, 2022). The *Yao* court issued an order identical to the order sought by Defendant because the *Yao* court found that "it is best practice for pro se plaintiffs to communicate directly with opposing counsel rather than with defendants." *Id.* at *3. The court found that such a practice

"promotes efficiency, avoids potential annoyance, confusion, undue burden, or harassment toward defendants, and prevents inappropriate communications between the parties." *Id.*

Since Defendants filed their motion to dismiss in this matter, Plaintiff has refused to communicate directly with Defendants' counsel of record. Rather, Plaintiff has sent over twenty emails that copied Defendants' Chief Legal Officer. In addition to these emails to Defendants' Chief Legal Officer, Plaintiff has communicated directly with multiple UHCMC employees, without copying counsel, on matters directly relating to this lawsuit. Finally, prior to filing this lawsuit, Plaintiff filed multiple charges against Defendants in state and federal agencies and his constant communications with Defendants' employees resulted in a cease and desist letter issued by Defendants' counsel in late 2021.

This Motion is based on the Declaration of Counsel and the attached Memorandum in Support. Defendants' counsel sought to resolve this issue prior to filing this Motion, but Plaintiff refused to only communicate with Defendants' counsel of record.

Respectfully submitted,

*/s/ David A. Campbell*
David A. Campbell (0066494)
Donald G. Slezak (0092422)
Lewis Brisbois Bisgaard & Smith, LLP
1375 E. 9th Street, Suite 2250
Cleveland, OH 44114
Phone: (216) 298-1262
Fax: (216) 344-9421
david.a.campbell@lewisbrisbois.com
donald.slezak@lewisbrisbois.com

*Attorneys for Defendants*

**MEMORANDUM IN SUPPORT**

**I.     INTRODUCTION**

This Court has not yet ruled that *Pro Se* Plaintiff John Koe ("Plaintiff") may proceed anonymously, but this Motion will not disclose Plaintiff's identity. However, before filing this lawsuit anonymously, Plaintiff has filed numerous charges with state and federal agencies against Defendants University Hospitals Health Systems, Inc. ("UHHS") and University Hospitals Cleveland Medical Center ("UHCMC") (UHHS and UHCMC are collectively, "Defendants"). The charges are not anonymous.

Relevant to this motion, Plaintiff aggressively pursued the charges by contacting Defendants' employees via text, phone, and other means. Multiple employees complained of the harassment resulting from Plaintiff's contacts to Defendants and a cease and desist letter was issued to Plaintiff in late 2021. Since Defendants filed their motion to dismiss in this lawsuit, Plaintiff has continued to directly contact Defendants' employees, without copying Defendants' counsel, to address lawsuit issues. Finally, when Plaintiff has communicated with Defendants' counsel of record on this lawsuit, he has always copied Defendants' Chief Legal Officer on the communication.

Courts within this Circuit and other Federal Circuits issue protective orders pursuant to Rule 26(c) addressing inappropriate communications with *pro se* plaintiffs directly to defendants. *See Yao v. Oakland Univ.*, No. 2:21-cv-10523, 2022 U.S. Dist. LEXIS 11428 (E.D. Mich. Jan. 20, 2022). Relevant to this Motion, the *Yao* court issued an order identical to the order sought by Defendant because the *Yao* court found that "it is best practice for pro se plaintiffs to communicate directly with opposing counsel rather than with defendants." *Id.* at *3. The court found that such a practice "promotes efficiency, avoids potential annoyance, confusion, undue

burden, or harassment toward defendants, and prevents inappropriate communications between the parties." *Id.*

Accordingly, based on this Court's authority to issue a protective order pursuant to Rule 26(c) to protect Defendants from "annoyance, embarrassment, oppression, or undue burden or expense," this Court should issue an order (1) prohibiting Plaintiff John Koe ("Plaintiff") from communicating directly with Defendants' officers, Defendants' employees, and Defendants' affiliates; and (2) ordering Plaintiff to direct all communications concerning this lawsuit to Defendants' counsel of record in this matter. Fed. R. Civ. P. 26(c); *see also Yao v. Oakland Univ.*, No. 2:21-cv-10523, 2022 U.S. Dist. LEXIS 11428, *3 (E.D. Mich. Jan. 20, 2022).

## II.  RELEVANT FACTS

### A.  Relevant Procedural Background.

This lawsuit arises out of Plaintiff's termination from a residency program on April 23, 2021. (ECF #1, pgs. 6 and 10-11). Plaintiff alleges that his termination from the residency program was due to either his sex or disability status. (ECF #1, pg. 4). Plaintiff has filed the complaint anonymously under the pseudonym John Koe. (ECF #1, pg. 1). Plaintiff has filed a motion to proceed in forma pauperis (ECF #2), but he has not filed a motion to proceed anonymously.

Defendants have filed a motion to dismiss the Complaint. (ECF #3). On the day the motion to dismiss was filed, Plaintiff immediately reached out to Defendants' counsel and disclosed his true identity. (Declaration of David Campbell at ¶ 8 (hereinafter "Dec. Campbell at __") (attached as Exhibit 1). Thereafter, Plaintiff has communicated directly with Defendants' employees utilizing an email address that identifies Plaintiff by his real name. (Dec. Campbell at ¶ 9).

> **B.  The Number And Substance Of Plaintiff's Direct Communications To Defendant.**

Since the filing of Defendants' motion to dismiss, Plaintiff has followed three forms of communications with Defendants regarding this lawsuit: (1) Eighteen emails under Plaintiff's normal email address that were sent to both of Defendants' counsel of record that are copied to Defendants' Chief Legal Officer; (2) four emails sent to only one of Defendants' counsel of record with a copy to Defendants' Chief Legal Officer; (3) two emails to Defendants' counsel of record copying Defendants' Chief Legal Officer via the anonymous email listed on the Complaint; and (4) an unknown number of emails, phone calls and texts directly to Defendants' employees without a copy to Defendants' counsel of record. (Dec. Campbell at ¶ 10).

The emails sent by Plaintiff are inappropriate. (Dec. Campbell at ¶ 16).  Examples of some of the emails are attached as Exhibit C to the Declaration.  For example, Plaintiff sent a snide email directly to one of Defendants' employees attacking the employee's grammar usage, suggesting an article on "professional development", and making a comment that the alleged grammatical issue was the result of sleep deprivation: "I recall you were very sleep deprived and stressed at the time…" (Dec. Campbell at ¶ 17 and Exhibit C).

Another email from Plaintiff directly to one of Defendants' employees was sent to intimidate the employee regarding individual liability under Ohio law, encourage the employee to distance himself from Defendants' legal representation, and suggested that the employee obtain individual counsel:

> "Please be aware that the hospital legal team or their outside counsel does not represent you barring explicit approval from the Board of Directors…as it appears some people are under the impression that Ohio law did away with individual liability in employment law and the OCRC is not updated online, you should read HB 352 from last session noting very carefully the remarks about Genaro…Highly suggest reviewing with your own attorney."

(Dec. Campbell at ¶ 18 and Exhibit C).

Plaintiff's emails also directly attack Defendants' counsel, David Campbell, accusing him of fraud, discrimination, and other false conduct. (Dec. Campbell at ¶ 19). For example, Plaintiff stated the following about Mr. Campbell in an email sent directly to UHHS' Chief Legal Officer:

> "note my sympathy to the issue regarding a subjective statement that could bind UH by an individual [David Campbell] who has exhibited discriminatory animus; also note my explicitly identification of the fraudulently altered documents), I am, unlike Mr. Campbell, not bound strictly by the Rules of Professional Conduct (e.g. Rule 4.2)."

(Dec. Campbell at ¶ 19 and Exhibit C).

Plaintiff's comments are clearly meant to drive a wedge between Mr. Campbell and Defendants in an effort to have Defendants replace Mr. Campbell as counsel in this matter:

> "The fact that Mr. Campbell is personally implicated presents a substantial conflict of interest or at the very least the appearance of a conflict of interest. While it is not my place to second guess UH's business judgment in terms of its desired legal representation, I maintain that Mr. Campbell's continued involvement is at the very least prejudicial [to] UH's interests and efficient resolution in this matter. Please identify an alternative contact for UH given the need to contact UH directly."

(Dec. Campbell at ¶ 20 and Exhibit C).

Indeed, Plaintiff has gone so far as to threaten UHHS' Chief Legal Officer, legal team, and UHCMC staff that Mr. Campbell's involvement in this lawsuit is grounds for additional discrimination and retaliation claims:

> "Would it really serve to effect the purpose of the laws that protected civil rights if Employers or Covered Entities were free to act with impunity by hire a dirtbag attorney to retaliate on their behalf."

(Dec. Campbell at ¶ 21).

Plaintiff's conduct is inappropriate, insulting, malicious, and, at times, has suggested that Mr. Campbell's continued involvement in this matter will result in further inappropriate conduct from Plaintiff: "*So come on and chickity-check yo' self before you wreck yo' self.*" (emphasis in original); "Play stupid games, win stupid prizes appears to be apropos." (Dec. Campbell at ¶ 22).

Prior to filing this Motion, Defendants' counsel emailed Plaintiff and asked him to only communicate with Defendants' counsel of record regarding the lawsuit. (Dec. Campbell at ¶ 11). Plaintiff refused the request and threatened to file disciplinary charges against Defendants' counsel of record. (Dec. Campbell at ¶ 11). Copies of the communications are attached to the Declaration. (Dec. Campbell at Ex. A).

C. **Plaintiff's Conduct Prior To The Filing Of This Lawsuit.**

Although proceeding anonymously in this lawsuit, Plaintiff filed numerous charges with state and federal agencies under his true identity prior to filing this lawsuit. (Dec. Campbell at ¶ 13). Plaintiff aggressively pursued the charges, contacting Defendants' employees to discuss his claims, to discuss the employees' testimony, and to seek admissions in favor of Plaintiff. (Dec. Campbell at ¶ 14). In fact, whenever an exhibit was filed with an agency by Defendants that demonstrated Plaintiff's misconduct, Plaintiff would obtain a copy of the exhibit and then immediately contact the employee identified in the exhibit. (Dec. Campbell at ¶ 14).

Many of Defendants' employees reported feeling harassed by Plaintiff's contacts. (Dec. Campbell at ¶ 15). As a result of the employee complaints, on December 2, 2021, Defendants' counsel sent a cease and desist letter to Plaintiff. (Dec. Campbell at ¶ 15). Relevant to this motion, the letter stated:

> The purpose of this letter is to formally demand that you cease and desist your communications and contact with UH employees. All

> employers have a duty under federal and state occupational safety and health statutes, as well as under the common law, to provide a safe workplace. Employers also have a common law duty to exercise reasonable care to avoid the risk of injury to third parties. This letter lays out the many attempts that UH has taken to permit you to obtain information from UH, but to protect UH employees from your harassment. However, those attempts have failed and this letter serves as formal notice that if you don't comply with the terms of this letter that UH will have no choice but to initiate court proceedings to enjoin you from further contact with UH or its employees.

(Dec. Campbell at Ex. A).

The cease and desist letter did not stop Plaintiff's direct communications to Defendants' employees. (Dec. Campbell at ¶ 23). To the contrary, Plaintiff filed multiple charges arising out of the letter and increased his contacts with Defendants' employees. (Dec. Campbell at ¶ 23). In fact, Plaintiff has taken direct actions to attempt to damage Defendants' residency program since the cease and desist letter was issued. (Dec. Campbell at ¶ 24). On one occasion, days before medical students ranked residency programs for matching, Plaintiff posted a false and disparaging statement on social media anonymously that included Plaintiff's charges that clearly identified him. (Dec. Campbell at ¶ 24). The posting was clearly intended to negatively impact the residency program's ranking by medical students. (Dec. Campbell at ¶ 24).

Most recently, the residency program participated in a Midwest Zoom recruiting conference where residents were supposed to move from Zoom room to room after spending thirty minutes with selected residency program. (Dec. Campbell at ¶ 25). Incredibly, Plaintiff attended the conference under his true identity and proceeded to remain in Defendants' zoom room for the entire program. (Dec. Campbell at ¶ 25). Plaintiff's attendance in the same zoom room for the length of the program was clearly meant to intimidate and frustrate the presenter. (Dec. Campbell at ¶ 25).

### III. LAW AND ARGUMENT

#### A. Standard Of Review.

Rule 26(c)(1) of the Federal Rules of Civil Procedure permits a court to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c); *see also Yao v. Oakland Univ.*, No. 2:21-cv-10523, 2022 U.S. Dist. LEXIS 11428, *3 (E.D. Mich. Jan. 20, 2022). A court will find good cause for the order upon the moving party demonstrating the facts underlying the need for the order. *See Smolko v. Mapei Corp.*, No. 6:21-cv-25, 2022 U.S. Dist. LEXIS 44090, *8 (E.D. Ky. Feb. 10, 2022).

Courts within the Sixth Circuit and other Federal Circuits have issued protective orders pursuant to Rule 26(c)(1) to prohibit *pro se* plaintiffs from communicating directly with defendants or other parties to a lawsuit. *See, e.g., Yao v. Oakland Univ.*, No. 2:21-cv-10523, 2022 U.S. Dist. LEXIS 11428, *3 (E.D. Mich. Jan. 20, 2022); *see also Smolko v. Mapei Corp.*, No. 6:21-cv-25, 2022 U.S. Dist. LEXIS 44090, *8 (E.D. Ky. Feb. 10, 2022); *Simkus v. United Airlines*, No. 13-cv-04388, 2015 U.S. Dist. LEXIS 26398, *2-3 (N.D. Ill. Mar. 4, 2015).

As set forth below, Defendants' Motion should be granted because Plaintiff's direct communications with Defendants' officers and employees warrant a protective order pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure.

#### B. Good Cause Exists To Issue A Protective Order Precluding Plaintiff From Directly Communicating With Defendants' Officers And Employees.

A protective order pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure is appropriate due to Plaintiff's continuous inappropriate, direct communications with Defendants' officers and employees. Most relevant to this Motion, the district court in *Yao v. Oakland Univ.*, No. 2:21-cv-10523, 2022 U.S. Dist. LEXIS 11428 (E.D. Mich. Jan. 20, 2022), recently enacted such a protective order because the *Yao* court found that "it is best practice for pro se plaintiffs to

communicate directly with opposing counsel rather than with defendants." *Id.* at *3. The court found that such a practice "promotes efficiency, avoids potential annoyance, confusion, undue burden, or harassment toward defendants, and prevents inappropriate communications between the parties." *Id.*

In this matter, Plaintiff is a physician and he most certainly can effectively prosecute this lawsuit through communications with counsel. However, as demonstrated in the attached declaration, Plaintiff has partaken in a prolonged attack on Defendants' and Defendants' employees. The conduct resulted in a cease and desist letter being issued to Plaintiff, but he refused to abide by the request. Rather, from the date of his discharge form the residency program through today, Plaintiff has continuously communicated directly with Defendants' employees via email, text and phone.

Once this lawsuit was filed, Plaintiff moved to copying Defendants' Chief Legal Officer on all communications that were sent to Defendants' counsel of record. However, when he desires, Plaintiff continues to communicate directly with Defendants' employees on facts relevant to this lawsuit. As set forth in the attached Declaration, Plaintiff is no longer in Defendants' residency program, but Plaintiff has continued his contacts with Defendants' employees

As set forth previously herein, Federal Courts – including the courts within the Sixth Circuit – issue protective orders pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure to prohibit *pro se* plaintiffs from communicating directly with parties to a lawsuit. Consistent with the decision in *Yao v. Oakland Univ.*, No. 2:21-cv-10523, 2022 U.S. Dist. LEXIS 11428, *3 (E.D. Mich. Jan. 20, 2022), the United States District Court for the Eastern District of Kentucky issued a similar order in *Smolko v. Mapei Corp.*, No. 6:21-cv-25, 2022 U.S.

Dist. LEXIS 44090, *8 (E.D. Ky. Feb. 10, 2022). There, the Eastern District of Kentucky ordered a *pro se* plaintiff from communicating directly with the defendant's employees and from serving discovery requests directly to the defendant's employees. *Id.* at *8.

Similarly, the court in *Simkus v. United Airlines*, No. 13-cv-04388, 2015 U.S. Dist. LEXIS 26398, *2-3 (N.D. Ill. Mar. 4, 2015), issued a protective order pursuant to Rule 26(c)(1), holding that " a former employee suing his former employer pro se should not communicate with that party about the litigation other than through counsel." *Id.* at *2.

Although issuing the aforementioned protective orders under Rule 26(c)(1), the courts in *Yao, Smolko*, and *Simko* each firmly held that *pro se* plaintiffs must abide by Rule 4.2 of the district's respective rules of professional conduct, which preclude attorneys from communicating directly with parties represented by counsel. Indeed, the courts within the Sixth Circuit hold that:

> "[a]lthough a plaintiff, as a non-attorney, is not technically bound by the Rules of Professional Conduct, in her capacity as a *pro se* plaintiff she is nevertheless required from directly contacting the named defendants in accordance with Rule 4.2."

*Gaines-Hanna v. Farmington Pub. Sch. Dist.*, No. 04-CV-74910, 2006 U.S. Dist. LEXIS 14885, *6-7 (E.D. Mich. Mar. 31, 2006).

Plaintiff's direct communications with Defendants' officers and employees clearly violate Rule 4.2 of the Ohio Rules of Professional Conduct and warrant the issuance of a protective order.

Finally, the United States District Court for the Middle District of Tennessee addressed facts strikingly similar to this matter. *See Silva v. Aspen*, No. 3:21-cv-689, 2022 U.S. Dist. LEXIS 68300 (M.D. Tenn. Apr. 13, 2022). In *Silva*, the court addressed the many lawsuits filed by *pro se* Plaintiff Silva against various individuals in various forums arising out of claims

related to Taylor Swift. *Id.* In so doing, the court discussed the protective order issued to Silva in a related federal court litigation, which ordered plaintiff

> "not to communicate with defendant or affiliated companies, agents, or related individuals and, if such communication was necessary, contact shall only be made in writing through defendant's counsel, and any communications shall not contain any inappropriate statements, threats of any kind, or insults…"

*Id.* at n. 4.

Plaintiff's tactics are similar to the tactics in *Silva*. Plaintiff has filed numerous state and federal charges and he has pursued these charges relentlessly. While proceeding anonymously in this lawsuit, Plaintiff has communicated directly with Defendants' employees under his true identity. Finally, it is evidently clear that Plaintiff's desire is to damage Defendants; not to remedy any alleged wrongs. Plaintiff's conduct is intentional and designed to increase litigation costs and to cause maximum disruption within the hospital. Accordingly, Defendants have made a clear showing of good cause that a protective order is necessary to direct Plaintiff to refrain from communication with Defendants' officers and employees. Thus, Defendants' Motion should be granted.

## IV. CONCLUSION

Based on the above-cited arguments and authorities, Defendants' Motion for a Protective Order should be granted. Accordingly, this Court should issue a protective order (1) prohibiting Plaintiff John Koe from communicating directly with Defendants' officers, Defendants' employees, and Defendants' affiliates; and (2) ordering Plaintiff to direct all communications concerning this lawsuit to Defendants' counsel of record in this matter.

    Respectfully submitted,

    */s/ David A. Campbell*
    David A. Campbell (0066494)
    Donald G. Slezak (0092422)
    Lewis Brisbois Bisgaard & Smith, LLP
    1375 E. 9th Street
    Suite 2250
    Cleveland, OH 44114
    Phone: (216) 298-1262
    Fax: (216) 344-9421
    david.a.campbell@lewisbrisbois.com
    donald.slezak@lewisbrisbois.com

    *Attorneys for Defendant*

## CERTIFICATE OF GOOD FAITH

Pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure, Defendants certify that they have attempted to confer with Plaintiff regarding the issues raised in this Motion in an effort to resolve the dispute without Court involvement.

*/s/ David A. Campbell*
David A. Campbell (0066494)

*One of the Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

    I hereby certify on this 10th day of October, 2022, the foregoing was filed through the Court's CM/ECF electronic filing system and will be served upon *Pro Se* Plaintiff John Koe via email at john@johnkoe.org and via regular U.S. mail to John Koe, P.O. Box 527, Novelty, OH 44072.

    */s/ David A. Campbell*
David A. Campbell (0066494)

*One of the Attorneys for Defendant*