FILED
1:31 pm Oct 11 2022
Clerk U.S. District Court
Northern District of Ohio
Cleveland

IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN KOE, | : | CASE NO. 1:22-cv-1455-DAP |
| | : | |
| Plaintiff | : | JUDGE DANIEL A. POLSTER |
| | : | |
| v. | : | |
| | : | |
| UNIVERSITY HOSPITALS HEALTH SYSTEM, INC., et al. | : | |
| | : | |
| Defendants. | : | |

**ORDER GRANTING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER SEEKING AN ORDER THAT REQUIRES PLAINTIFF TO COMMUNICATE ONLY WITH DEFENDANTS' COUNSEL OF RECORD WITH RESPECT TO THIS LITIGATION**

This matter has come before the Court on the Defendants University Hospitals Health Systems, Inc. ("UHHS") and University Hospitals Cleveland Medical Center ("UHCMC") (UHHS and UHCMC are collectively, "Defendants") motion for a protective order seeking an order that requires Plaintiff John Koe "(Plaintiff") to Communicate only with Defendants' counsel of record with respect to this litigation (the "Motion") (ECF # 5) and the declaration of David A. Campbell attached to the motion (ECF # 5-1), and the Court having considered the facts and arguments raised in the Motion, grants Defendants' Motion.

Rule 26(c)(1) of the Federal Rules of Civil Procedure permits a court to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Courts have the discretion to issue Rule 26(c)(1) protective orders to protect parties from improper communications directly from *pro se* plaintiffs. *See*, *e.g.*, *Yao v. Oakland Univ.*, No. 2:21-cv-10523, 2022 U.S. Dist. LEXIS 11428, *3 (E.D. Mich. Jan. 20, 2022). A court will find good cause for the order upon the moving party demonstrating the

facts underlying the need for the order. See *Smolko v. Mapei Corp.*, No. 6:21-cv-25, 2022 U.S. Dist. LEXIS 44090, *8 (E.D. Ky. Feb. 10, 2022).

This Court finds that Defendants have presented sufficient facts and evidence in both the Motion and the declaration of David Campbell attached thereto, demonstrating consistent and routine inappropriate communications from *pro se* Plaintiff John Koe directly to various employees of the Defendants. Such direct communications support a Rule 26(c)(1) protective order in favor of Defendants. *See* Fed. R. Evid. 26(c)(1); *see also Smolko v. Mapei Corp.*, No. 6:21-cv-25, 2022 U.S. Dist. LEXIS 44090, *8 (E.D. Ky. Feb. 10, 2022). Accordingly, IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Defendants' Motion is GRANTED, and that this Court will issue a protective order that (1) prohibits *pro se* Plaintiff John Koe from communicating directly with Defendants' officers, Defendants' employees, and Defendants' affiliates; and (2) ordering *pro se* Plaintiff John Koe to direct all communications to Defendants' counsel of record.

_____ 10/11/2022
Judge Daniel A. Polster