**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JOHN KOE,** | ) | **CASE NO. 1:22 CV 01455** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **vs.** | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **UNIVERSITY HOSPITALS HEALTH** | ) | |
| **SYSTEM, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

*Pro se* plaintiff John Koe filed this *in forma pauperis* complaint against University

Hospitals Health System, Inc. and University Hospitals Cleveland Medical Center alleging

employment discrimination. (Doc. No. 1).  For the reasons that follow, Plaintiff's complaint is

dismissed without prejudice.

## I.  Background

On August 15, 2022, Plaintiff filed this action under the pseudonym, "John Koe."

Plaintiff states that he was a resident physician in the Case Western Reserve

University/University Hospitals Cleveland Medical Center residency program beginning in June

2019. He also states that he is a qualified individual with a disability as defined by the

Americans with Disabilities Act (the "ADA").

Plaintiff alleges that in the course of his residency, other residents and nursing staff

repeatedly questioned Plaintiff regarding his health and the health of his family. During a year-

end performance review, Plaintiff advised his program director that he believed this action constituted harassment on the basis of disability and created a hostile work environment, and he asked the program director to stop the behavior. Plaintiff contends that the program director failed to take corrective action. According to Plaintiff, during the next performance review, the program director advised Plaintiff that he must have an EAP (Employee Assistance Program) assessment but neglected to explain why. Plaintiff continued to reach out to the program director to inquire as to her rationale for mandating the assessment to no avail. Plaintiff contends that, fearing discharge, he reluctantly met with a University Hospitals clinician for the assessment and a follow-up assessment.  Plaintiff alleges that after the assessment, he was forced, under verbal and written threat of discharge, to sign a "Compliance Contract" that conditioned Plaintiff's continued employment on his submission to ongoing compulsory counseling. He claims that Defendants subjected him to ongoing discriminatory and retaliatory harassment.

Plaintiff alleges that Defendants' behavior constituted a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*; Title I of the ADA; and Title II of the Genetic Information Nondiscrimination Act of 2008, 42 U.S.C. §§ 2000ff *et seq.*

Within the body of the complaint, Plaintiff moves for leave to file this action anonymously. In support, he alleges that he is compelled to disclose information of the "utmost intimacy," including "conversations pertaining to counseling sessions." He alleges that medical decisions relating to his health care and treatment are sensitive and personal matters warranting the use of a pseudonym. (*See* Doc. No. 1 at 6).

## II.  Standard of Review

Plaintiff filed an application to proceed *in forma pauperis* (Doc. No. 2). The Court grants that application.

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).  The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

The dismissal standard for Fed. R. Civ. P. 12(b)(6) articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) governs dismissal for failure to state a claim under § 1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To state a plausible claim, a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 677-78; Fed. R. Civ. P. 8(a)(2). The plaintiff is not required to include detailed factual allegations, but he or she must provide more than an unadorned, the defendant-unlawfully-harmed-me accusation. *Iqbal*, 556 U.S. at 678.

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998)

(citing *Sistrunk*, 99 F.3d at 197).

### III. Law and Analysis

Generally, a complaint must state the names of all parties. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (citing Fed. R. Civ. P. 10(a)). Under certain exceptional circumstances, however, "the district court may allow a plaintiff to proceed under a pseudonym by granting a protective order." *D.E. v. Doe*, 834 F.3d 723, 728; *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (per curiam) ("It is the exceptional case in which a plaintiff may proceed under a fictitious name."). And the failure to seek permission to proceed under a pseudonym is fatal to an anonymous plaintiff's case. *Citizens for a Strong Ohio v. Marsh*, 123 Fed. App'x. 630, 637 (6th Cir. Jan. 3, 2005).

In determining "whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings sufficient to warrant anonymity, "courts consider: (1) whether the plaintiff seeking anonymity is suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiff to disclose information 'of the utmost intimacy'; (3) whether the litigation compels plaintiff to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiff is a child/minor. *Porter*, 370 F.3d at 560 (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)).

Plaintiff has not alleged, nor does the Court find, that Plaintiff is challenging a governmental activity, that Plaintiff would be compelled to disclose an intention to violate the law, or that Plaintiff is a child. In his motion to proceed anonymously, Plaintiff argues that the pursuit of his claims would compel him to disclose information "of the utmost intimacy," such as conversations pertaining to counseling sessions and medical decisions relating to his health

-4-

care and treatment. Plaintiff has failed, however, to identify any exceptional circumstances

distinguishing his case from other cases brought by plaintiffs alleging disability discrimination

who may also have medical records concerning mental health treatment. *See Doe v. Carson*, 6th

Cir. No. 19-1566, 2020 U.S. App. LEXIS 14520, at *7 (May 6, 2020) (Doe's disability

discrimination case did not present exceptional circumstances distinguishing her case from other

cases brought by plaintiffs claiming disability discrimination who suffer from mental illness

sufficient to excuse her from Rule 10(a)'s requirement that a plaintiff's complaint "must name

all the parties"). Nor has Plaintiff identified any specific harm arising from disclosure of his

identity. *See id.*  Moreover, Plaintiff's complaint includes many factual allegations that would

make identification of Plaintiff relatively simple, including the names of the program director

who ordered the EAP assessment and the clinician who conducted the assessment, as well as

information concerning Plaintiff's medical license, specialty, and dates of employment.

Having considered the relevant factors, the Court finds that Plaintiff's privacy interests

do not substantially outweigh the presumption of open judicial proceedings sufficient to warrant

anonymity. Plaintiff's motion to proceed anonymously is therefore denied, and the action is

dismissed for lack of jurisdiction. *Marsh*, 123 Fed. App'x. at 637 (citing *Nat'l Commodity &*

*Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989)) ("the

federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced

with respect to them.").

### IV.  Conclusion

Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is GRANTED. For the

foregoing reasons, Plaintiff's motion for leave to proceed anonymously in this matter is

DENIED, and this action is DISMISSED WITHOUT PREJUDICE. If Plaintiff wishes to continue this case, he must within fourteen (14) days of the entry of this order: (1) file a motion to reopen the case; and (2) file an amended complaint identifying himself.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

10/13/2022

**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**