FILED

NOV 09 2022

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JOHN KOE** | ) | CASE NO. 1:22-CV-01455 |
| **Plaintiff** | ) | JUDGE DAN AARON POLSTER |
| vs. | ) | |
| **UNIVERSITY HOSPITALS HEALTH SYSTEM, INC., et al.,** | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
TO ALTER OR AMEND JUDGMENT AND FOR RECONSIDERATION
OF THE ORDER DISMISSING PLAINTIFF'S ACTION, THE ORDER DENYING
PLAINTIFF'S REQUEST TO PROCEED UNDER A PSEUDONYM,
AND THE ORDER ENTERED ON OCTOBER 11, 2022**

**I. INTRODUCTION:**

Plaintiff moves this Court, pursuant to Rule 59 of the Federal Rules of Civil Procedure, to reconsider its October 13, 2022 order and to amend its judgement denying his request to proceed under a pseudonym, dismissing his entire action pursuant to "28 U.S.C. §1915(e)" for "lack of jurisdiction".

Because Plaintiff's pleadings clearly assert non-frivolous and viable claims for relief under federal law, because this Court has jurisdiction to hear and decide Plaintiff's action on the merits, because an action cannot be dismissed under 28 U.S.C. § 1915 for lack of jurisdiction, because a real name is not required for jurisdiction under Fed. R. Civ. P. 10(a), because the Court considered and adopted Defendants' legal arguments while denying Plaintiff an

opportunity to respond, Plaintiff requests that the court reverse or vacate its decision dismissing Plaintiff's entire action to correct clear errors of law and to prevent manifest injustice.

Plaintiff additionally moves this Court, pursuant to Rule 59 of the Federal Rules of Civil Procedure, to reconsider its October 11, 2022 order and to amend its judgement issuing an order prohibiting "Plaintiff" from "communicating with any of Defendants' officers, employees, or affiliates."

Because the order is a restraining order that restricts Plaintiff's 1st Amendment Rights in violation of the doctrine of "prior restraint", because the order was issued *ex parte* without prior notice and with affording Plaintiff an opportunity to be heard, because the order cannot be sustained under Fed. R. Civ. P. 26(c), because the court did not have jurisdiction to issue the order pursuant to 29 U.S.C. § 104, and because Defendants' sought this order for improper purpose, Plaintiff requests that the court vacate its decision to issue the order to correct a clear error of law and to prevent manifest injustice.

**Background and Procedural History:**

Plaintiff Koe commenced this action against Defendants on August 15, 2022 by filing his *pro se* Complaint alleging prohibited medical examinations/inquiries, interference, discrimination, harassment, and retaliation under the Americans with Disabilities Act, Genetic Information Non-Disclosure Act, and Title VII of the Civil Rights Act. (Doc #1). With his Complaint, Koe filed an application to proceed *in forma pauperis* triggering the screening procedure under 28 U.S.C § 1915.

On September 16, 2022, Defendants filed a Motion of Dismiss (Doc. #3) prior to the Court's *sua sponte* screening of Plaintiff's Complaint and thus prior to service of process. On October 10, 2022, Defendants filed a motion moving the Court to issue an order prohibiting

Plaintiff from communicating with any of Defendants' officers, employees, or affiliates under Fed. R. Civ. P. 26(c). (Doc #5) On October 11, 2022, the Court granted Defendants Motion and entered an Order prohibiting "Plaintiff" from "communicating with any of Defendants' officers, employees, or affiliates." (Doc #6)

On October 13, 2022, the Court entered an Order (Doc #7) granting Plaintiff's *in forma pauperis* application, denying Plaintiff's request to proceed using a pseudonym, and dismissing Plaintiff's entire action. The Court asserted it "lacked jurisdiction" to hear Plaintiff's citing the reasoning of the 10th Circuit in *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989) as cited by the non-binding decision in *Citizens for a Strong Ohio v. Marsh*, 123 Fed. App'x. 630, 637 (6th Cir. Jan. 3, 2005). (Doc #7). On October 13, 2022, the Court entered a final judgement dismissing Plaintiff's action under "28 U.S.C. § 1915(e)" and certifying that an appeal from the decision could not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). (Doc. #8)

On November 8, 2022, Plaintiff filed a motion with this memorandum asking the Court to reconsider its rulings and alter and amend its judgment to correct clear errors of law and in order prevent manifest injustice.

## II. ARGUMENT

### A. The Standard of Review for Rule 59 Motions

Fed. R. Civ. P. 59(e) states: "A motion to alter or amend judgment must be filed no later than 28 days after the entry of the judgment." The court entered its judgment on October 13, 2022, making this motion timely. While the rule does not discuss the specific reasons for granting a Rule 59 motion, the Sixth Circuit has held that a court should alter a judgment if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *See, Intera Corp. v.*

*Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). "The rule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). Plaintiff's motion asserts that the court should correct a clear error of law and alter or amend its judgment to prevent manifest injustice.

**B. Standard of Review and Standard for Dismissal Under 28 U.S.C. § 1915(e)**

In this circuit, a district court's decision to dismiss a complaint pursuant to 28 U.S.C. § 1915(e)(2) is reviewed *de novo*. *Hill v. Lappin,* 630 F.3d 468, 470 (6th Cir.2010). 28 U.S.C. § 1915(e) in relevant part (2) authorizes courts to dismiss an *in forma pauperis* claim if, *inter alia,* "the action is frivolous or malicious" or "fails to state a claim." Whether a complaint is factually frivolous under 28 U.S.C.1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief under 28 U.S.C.1915(e)(2)(B)(ii). *Id.* The courts held that under the frivolous prong of this statute "dismissal is proper only if the legal theory or the factual contentions lack an arguable basis." *Neitzke v. Williams*, 490 U.S. 319 (1989). "[L]ack of jurisdiction" is not one of the explicitly enumerated reasons for dismissal under 28 U.S.C. § 1915(e).

Plaintiff has been unable to find a parallel controlling authority in this Circuit where a court dismissed an action under 28 U.S.C. § 1915(e) for "lack of jurisdiction" without further clarifying the basis for dismissal. However, it is well established that a complaint cannot be not be dismissed for failure to state a claim based on lack of jurisdiction. *Brown v. Strickler*, 422 F.2d 1000, 1001 (6th Cir. 1970) ("initially, we observe that the District Judge's determinations that the court lacked jurisdiction and that the complaint failed to state a cause of action are incompatible.") A complaint could potentially be dismissed as "frivolous" based on lack of jurisdiction if there was absolutely not arguable basis in law or fact for the court's jurisdiction. Outside of the context of 28 U.S.C. §1915, this Circuit has observed "[s]ummary dispositions

should be limited to those instances where the absence of jurisdiction is clear 'on the face of the complaint and is obviously not curable[…].' *Brown v. Strickler*, 422 F.2d 1000, 1001 (6th Cir. 1970). Other courts have agreed that "[d]ismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff." *Tarkowski*, 644 F.2d at 1207, *quoting Littleton v. Berbling*, 468 F.2d 389 (7th Cir. 1972).

### C. The Court Has Jurisdiction to Hear and Decide This Action

Congress vests federal district courts with subject-matter jurisdiction over cases involving questions of federal law: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. *See also Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("'[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution.'").

Federal Rule 12(h)(3) states that, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "The test for dismissal is a rigorous one and if there is any foundation or plausibility to the claim, federal jurisdiction exists." 13D Wright & Miller § 3564, pp. 244–45. The Supreme Court has found a "starting presumption that when jurisdiction is conferred, a court may not decline to exercise it." *Union Pacific R.R. Co. v. Bhd. of Locomotive Eng'rs and Trainmen*, U.S., 130 S.Ct. 584, 590, L.Ed.2d (2009). In other words, jurisdiction is not an exercise of discretion.

In his Complaint, Plaintiff's Complaint states the basis for the Court's jurisdiction is that it is "brought for discrimination in employment pursuant to" "Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e", "Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117", and the "Genetic Information Nondiscrimination Act of

2008, as codified, 42 U.S.C §§ 2000ff et seq ." (Doc. 1 at 3). Thus, Plaintiff's pleadings establish that this Court has federal question jurisdiction under 28 U.S.C. § 1331.

The Court in dismissing the action reasoned that "Plaintiff's motion to proceed anonymously is therefore denied, and the action is dismissed for lack of jurisdiction" relying on the reasoning in *Gibbs* as cited by *Marsh*. If the Court did not dismiss Plaintiff's action for "lack of jurisdiction" based on its discretional decision to deny his request proceed under a pseudonym, then it dismissed Plaintiff's action on the ground that it lacked jurisdiction because his original Complaint was not filed using his real name . However, under Fed. R. Civ. P. 10, a real name is not jurisdictional.

### D. A Real Name Is Not Required for Jurisdiction

A plaintiff's real name is not and cannot be jurisdictional under Fed. R. Civ. P. 10(a) if the Court has the power to fully hear and decide a case brought by a pseudonymous litigant such as in *Doe v. Porter*, 370 F.3d 558 or *Roe v. Wade*, 410 U.S. 113.

The 4th Circuit recently reviewed this very issue in *B.R. v. F.C.S.B.*, No. 21-1005 (4th Cir. Nov. 2, 2021) holding that a federal court has subject-matter jurisdiction over a claim despite not knowing the plaintiff's true name. After careful consideration including analysis of the decision in *National Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989), the Court concluded that:

> *Gibbs* represents the kind of "drive-by jurisdictional ruling[] of [the] sort"
> that was more common before Supreme Court decisions like *Steel
> Company* made clear that the term subject-matter jurisdiction means "the
> courts' statutory or constitutional *power* to adjudicate the case." 523 U.S.
> at 89, 91. Indeed, *Gibbs* was decided before *Steel Company*.

The 4th Circuit while recognizing pseudonymous litigation implicates the "customary and constitutionally-embedded presumption of openness in judicial proceedings," *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) rejected "the suggestion that a plaintiff's failure to disclose her

name to the court at the outset of the litigation denies the court the *power* to resolve the dispute. Rather, a district court that possesses jurisdiction over such an action — and thus has not just the power but the virtually unflagging *duty* to hear and decide it, *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 126 (2014)." (internal quotation marks omitted, emphasis in the original). Accordingly, this Court has not only federal-question jurisdiction over Plaintiff's action under 28 U.S.C. § 1331, but also the duty to hear and decide it.

### F. Plaintiff was Prejudiced by the Error of Law

Plaintiff was prejudiced by the error of law explained above as the Court could not have dismissed Plaintiff's complaint under 28 U.S.C. § 1915(e) or for lack of jurisdiction or in light of Rule 17(a). The Court's dismissal deprived Plaintiff of the procedural protections laid under n *Tingler v. Marshall*, 716 F.2d 1109, 1112 (6th Cir. 1983). In *Tingler*, the Sixth Circuit held that a district court faced with a complaint which it believes may be subject to dismissal must 1) allow service of the complaint upon the defendant; 2) notify all parties of its intent to dismiss the complaint; 3) give the plaintiff a chance to either amend his complaint or respond to the reasons stated by the district court in its notice of intended *sua sponte* dismissal; 4) give the defendant a chance to respond or file an answer or motions; and 5) if the claim is dismissed, state its reasons for the dismissal.

In this case, the error has resulted in delayed service of process, denied Plaintiff the opportunity to argue in opposition to Defendants' motions, denied Plaintiff of prior notice of the dismissal of the complaint, denied Plaintiff the opportunity to be heard prior to dismissal, and resulted in an erroneous dismissal of Plaintiff's complaint .In short, the errors or law and procedural deficiencies have resulted in delay and denial of procedural due process. The fact that Plaintiff's action was dismissed without prejudice does not moot or mitigate these harms.

The Court in its Order entered on October 13, 2022 advised Plaintiff that if he wished to proceed with his action he "must within fourteen (14) days of the entry of this order: (1) file a motion to reopen the case; and (2) file an amended complaint identifying himself." This Order denied Plaintiff any opportunity to offer the Court a clearer explanation of the exceptional circumstances in this case that warrant the use of a pseudonym by amendment or response. In short, the Court offered Plaintiff the Hobson's choice of forgoing his action entirely or refiling without a pseudonym and incurring or amplifying the injury associated with the very violations of the privacy provision of Title I of the ADA that he is litigating against. The private and privileged information at stake in this matter only exists or is only at issue as a result of Defendants' unlawful intrusion into Plaintiff's medical affairs during his employment in violation of the ADA, 42 U.S.C. 12112(d)(4)(a).

### G. Plaintiff Should Be Allow to Proceed Under A Pseudonym

Plaintiff requested to proceed under a pseudonym in this case because this is a case in which ""the injury litigated against would be incurred as a result of the disclosure of the [party's] identity," *Doe v. Mass. Inst. of Tech.*, No. 22-1056, 21 (1st Cir. Aug. 24, 2022) (citing *Doe v. Frank, 951 F.2d at 324.*). As the First Circuit recently articulated in *Doe v. Mass. Inst. of Tech.*, this is the type of case:

> in which anonymity is necessary to forestall a chilling effect on future litigants who may be similarly situated. *See Megless*, 654 F.3d at 410 (emphasizing need to ascertain whether "other similarly situated litigants [will] be deterred from litigating claims that the public would like to have litigated"). Because "courts provide the mechanism for the peaceful resolution of disputes that might otherwise give rise to attempts at selfhelp," they must be wary of "deter[ring] the legitimate exercise of the right to seek a peaceful redress of grievances through judicial means." *Talamini v. Allstate Ins. Co.*, 470 U.S. 1067, 107071 (1985) (Stevens, J., concurring); *see BE & K Constr. Co.v. NLRB*, 536 U.S. 516, 532 (2002).

The public interest in this action is whether or not Defendants' have maintained and acted to maintain an unlawful scheme of using an Employee Assistance Program ("EAP") as subterfuge to violate rights guaranteed by federal laws. The very fact that Defendants' even have a mandatory EAP policy or practice *prima facie* contradicts the EEOC's regulatory guidance and the federal regulations implementing the ADA 29 CFR 1630.14(d) *et seq* which make it clear that employee health programs (e.g. EAPs) are only excepted from the presumption that medical examinations/inquiries are unlawful. In essence, Plaintiff is a whistleblower serving the public interest inherent in the enforcement of rights protected by or guaranteed by federal laws as a "private attorney general." When Defendants learned that Plaintiff had filed federal charges inviting federal scrutiny on their practices, Defendants undertook a sophisticated campaign of retaliation. Within two months of Defendants' receipt of Plaintiff's EEOC charge, Defendants discharged Plaintiff under pretext the day after Plaintiff requested evidence to support his charges and opposed Defendants' policies.

While Defendants have already retaliated against Plaintiff, Plaintiff has not yet incurred the harm of the unlawful and widespread public disclosure of medical information explicitly protected from disclosure, without limitation, under 42 U.S.C. § 290dd–2, 42 U.S.C. § 12112(d), and by the psychotherapist-client privilege. *See, Jaffee v. Redmond*, 518 U.S. 1. This information only exists or is at issue because of Defendants discriminatorily and unlawfully subjected Plaintiff to prohibited medical examinations/inquiries, 42 U.S.C. § 12112(d)(4)(a) under the subterfuge of their EAP in violation of 29 C.F.R. § 1630.14(d) *et seq*. Defendants have already shown they are willing to abuse the litigation privilege to attack Plaintiff and to improperly publish communications protected by privilege without Plaintiff's consent (e.g. Doc. 5-1 at 23-24) for no other purpose than improper purpose such as harassing Plaintiff.

In light of the exceptional circumstances of this case, allowing Plaintiff to proceed under a pseudonym strikes the balance between protecting Plaintiff's privacy interests, the public interest in the enforcement of the privacy provisions of Title I of the ADA, the public interest in privacy protections under 42 U.S.C. § 290dd–2, the public interest in maintaining the sanctity of the psychotherapist-client privilege, the public interest in ensuring that other similarly situated litigants will come forward, and the public interest in open judicial proceedings. There is no other less restrictive alternative because, compared to sealing records, allowing Plaintiff to proceed under a pseudonym allows the public to know all of the pertinent facts in this matter except Plaintiff's real name. Permitting Plaintiff to proceed pseudonymously will not disadvantage Defendants in the legitimate defense of this action because they already know Plaintiff's true identity. Furthermore, allowing Plaintiff to proceed under a pseudonym will serve justice because it will focus litigation on the claims and limit the incentive for Defendants to continue to maliciously attack Plaintiff. *See, Doe v. United Services Life Ins. Co.*, 123 F.R.D. 437, 439 (S.D.N.Y. 1988) ("Defendant[s] will only be barred from using or disclosing the fruits of [their] discovery for purposes other than the defense of this action.").

**H. Action is Needed to Prevent Manifest Injustice**

The Court dismissed Plaintiff action under the authority of 28 U.S.C. § 1915(e) designed for *sua sponte* dismissal before service and before an answer is filed. In this case however, the Court clearly considered Defendants Motion to Dismiss as well as Defendants' Motion for a Protective Order before dismissal. When the Court entered its Order and Judgement on October 13, 2022 before the end of any 30-day dispositive Motion window, the Court denied Plaintiff an opportunity to respond in opposition and point out the errors of law in the legal arguments advanced by Defendants.

Similarly, the Court considered Defendants' October 10, 2022 Motion within 24 hours of its filing. On October 11, 2022, the Court granted Defendants' Motion and entered the order prohibiting Plaintiff from communicating with any of Defendants' officers, employees, or affiliates without providing Plaintiff with notice and without affording Plaintiff any opportunity to be heard.

The October 11, 2022 Order cannot be justified under the Rule 26(c) standard in this Circuit. *See, Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2013) ("to justify a protective order, one of Rule 26(c)(1)'s enumerated harms "must be illustrated 'with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.' ") (citing *Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550 (6th Cir.2004)). A party seeking a protective order must certify that it "has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed.R.Civ.P. 26(c)(1).

Defendants did not confer with Plaintiff in good faith or attempt to confer with Plaintiff. The requirement to meet-and-confer must be taken seriously. Courts have held that they must find that the parties made a good faith effort to resolve the dispute before the court can rule on the merits of the motion. See *Shoppell v. Schrader*, 2009 WL 2515817, *1 (N.D. Ind. August 13, 2009) (finding good faith certification of a single letter and a brief telephone conversation is inadequate). A good-faith effort involves "a genuine two-way communication where the parties engage in a meaningful dialogue to resolve the issues without judicial intervention." *Forest River Hous., Inc. v. Patriot Homes, Inc.*, No. 06-841, 2007 WL 1376289, at *1 (N.D. Ind. May 7, 2007). Defendants' filings reveal the fact that they did not confer with Plaintiff in good faith or attempt to confer with Plaintiff to resolve the dispute before involving the Court. Defendants' counsel's October 3, 2022 and October 4, 2022 emails vaguely threatening Plaintiff with a restraining order do not constitute good faith conferral or an attempt to confer. Plaintiff's

October 4, 2022 reply is reasonable and shows an earnest attempt to resolve the matter without court involvement. Notably, Defendants have concealed from the Court the fact that they refused to confer with Plaintiff and failed to return the messages Plaintiff left on October 5, 2022 seeking to confer.

Rule 26(c) is meant to protect parties from abusive discovery and is not meant to be used to limiting communications between parties or other interested parties. *See, Smith v. Kentucky Fried Chicken*, No. 06-426-JBC, 9 (E.D. Ky. Jan. 17, 2007). ("Rule 26(c) deals with protection from abusive and harassing discovery; it is not meant to limit a party's communications with other parties.") In any case, Defendants did not show good cause and the order is highly prejudicial to Plaintiff's ability to prosecution his action. *See, Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550-551 (6th Cir. 2004). Defendants' sought protection from claimed "annoyance, embarrassment, oppression, or undue burden or expense" of Plaintiff's communications. (Doc. 5 at 4). Defendants did not identify any particular harm and illustrate it "with a particular and specific demonstration of fact." *Id.* Instead, Mr. Campbell's Declaration contains "stereotyped and conclusory statements", information and belief, hearsay, and vague allegations of "inappropriate" or "improper" communications without any factual specificity or evidentiary support.

The restraining order requested by Defendants and issued by the Court prohibits Plaintiff from communicating with over 25,000+ individuals employed by Defendants. The October 11, 2022 order constitutes prior restraint of Plaintiff's 1st Amendment rights. The Supreme Court has emphasized that "[a] system of prior restraints of expression comes to this Court bearing a heavy presumption against its constitutional validity." *Bantam Books* v. *Sullivan*, 372 U.S. 58, 70 (1963); *Freedman* v. *Maryland*, 380 U.S. 51, 57 (1965). Even where this presumption might otherwise be overcome, there must be "careful procedural provisions, designed to assure the

fullest presentation and consideration of the matter which the circumstances permit [...] to obviate the dangers of a censorship system." *Carroll v. Princess Anne*, 393 U.S. 175, 181 (1968) (internal citations omitted). The restraining order in this case was issued *ex parte,* without formal or informal notice to Plaintiff, without affording him an opportunity to be heard, and without any other procedural protections.

Moreover, as this case arises from a labor dispute and plaintiff is a person participating or interested in the labor as defined by the Norris-La Guardia Act 29 U.S.C. § 113, this Court pursuant to 29 U.S.C. § 104 does not have the jurisdiction to issue a restraining order prohibiting Plaintiff from engaging in peaceful acts including but not limited to communicating with other interested individuals such as Defendants' employees.

To this point, Defendants failed to disclose to another very relevant and material fact to the Court in their October 10, 2022 filings. On or around October 4, 2022, National Labor Relations Board Region ("NLRB") 08 made a finding of merit on Plaintiff's allegation filed over the December 2, 2021 Cease and Desist Letter as a violation of the National Labor Relations Act ("NLRA"). The Region also found merit to Plaintiff's allegations that Defendants' maintained workplace rules that interfered with Section 7 rights of resident physicians and thus violated Section 8(a)(1) of the NLRA. In light of this fact, Plaintiff respectfully asks that this Court consider that Defendants' motion seeking an order prohibiting Plaintiff from communicating with any of its employees was submitted for improper purpose.

Specifically, Defendants filed their motion in retribution for the NLRB's merit findings and to interfere with rights including, without limitation, those guaranteed by Section 7 of the NLRA. Additionally, Defendants abused the litigation privilege as cloak of immunity to paint Plaintiff as a vexatious litigant by *inter* alia publishing highly prejudicial but non-probative statements including those contained in their self-serving December 2, 2021 Cease and Desist

Letter. This letter contains statements that are false and damaging and that are designed to interfere with Plaintiff's ability to retain counsel. Defendants also improperly filed and thus published privileged communications protected by the psychotherapist-client privilege without Plaintiff's consent and in violation of, without limitation Ohio R. Prof'l. Cond. 4.4. See, *Id.* Comment [1]. In short, Defendants' October 10, 2022 filings were made in bad faith and for no other substantial purpose than to confuse the Court, embarrass or harass Plaintiff, interfere with federally protected rights, and intimidate other employees who may have been subjected to the same or similar unlawful employment practices from coming forward.

In their quest to interfere with Plaintiff's rights, protected activity, and ability to prosecute this action, Defendants have resorted to abusive tactics including, without limitation, presenting frivolous, contradictory, bad faith legal arguments to the Court, abusing the litigation privilege, and moving the Court to issue an restraining order against Plaintiff to violate Plaintiff's constitutional and other federally protected rights. Defendants' conduct in this action evinces a total disregard for the Professional Rules of Conduct, constitutional rights, other federally protected rights, equity, the administration of justice, and the Court's time and resources. Ironically, Defendants abusive attempt to paint Plaintiff as a vexatious litigant because of his opposition to Mr. Campbell's unethical, harassing, and dilatory conduct has only shown that Plaintiff's objections are not without merit and that Plaintiff's opposition was reasonable and made in good faith.

**CONCLUSION**

Given the clear errors illustrated above and to remedy manifest injustice, the Court should reverse its decision dismissing Plaintiff's entire action. In the alternative, should the Court decide not to reverse its decision, Plaintiff requests that the court vacate its certification

under 28 U.S.C. § 1915(a)(3) that an appeal could not be taken in good faith in light of the points and authorities Plaintiff has advanced in this memorandum.

If the Court does reverse its decision dismissing Plaintiff's action, Plaintiff respectfully requests that the Court reconsider its decision to deny his request to proceed under a pseudonym and issue a protective order that allows him to proceed under a pseudonym at least until the Court has an opportunity to hear and fully weigh all of the relevant facts and circumstances of this exceptional case. Plaintiff respectfully requests leave to amend his complaint in the interest of justice. Plaintiff respectfully requests that the Court direct the U.S. Marshalls to effect service of process and, if necessary, enlarge time to do so.

Given these clear errors and manifest injustice related to the order entered on October 11, 2022 restraining Plaintiff from exercising his 1st Amendment rights and to interfere with other rights, the Court should reverse its decision, dissolve the order, and take corrective action against Defendants for their abusive litigation tactics and outrageous abuse of process aimed at interfering with federally protected rights.

Plaintiff respectfully requests that the Court consider using its power to ensure justice by awarding Defendants and their counsel an appropriate prize (e.g. disqualification and referral pursuant to LR 83.7).

Date: November 9, 2022

Respectfully submitted,

*John Koe*
John Koe
PO Box 527
Novelty OH 44072-0527
Tel: (330) 732-5001
Email: john@johnkoe.org

Plaintiff, *pro se*