UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
OCT 13 2023
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | |
|---|---|
| JOHN KOE | CASE NO. 1:22-CV-01455 |
| Plaintiff | JUDGE DAN A. POLSTER |
| vs. | |
| UNIVERSITY HOSPITALS HEALTH SYSTEM, INC., et al., | |
| Defendants. | |

**PLAINTIFF'S MOTION FOR RELIEF FROM JUDGEMENT**

Plaintiff respectfully moves the court, pursuant to Fed. R. Civ.P. 60(b), for relief from its judgment entered on October 13, 2022 dismissing his claims when it concluded it lacked jurisdiction. The court denied the plaintiff the opportunity to file an amended complaint before ordering his action dismissed and entering a final judgment. In short, the court's conclusion that it lacked jurisdiction was erroneous and prejudicial, having the effect of denying the plaintiff his day in court without notice where a statute of limitations arguably terminates his right to adjudicate the case on the merits.

**ARGUMENT**

The court erred in dismissing the plaintiff's case for either a lack of subject matter jurisdiction or *in personam* jurisdiction. Subject matter jurisdiction existed because the case involves a federal question under 42 U.S.C. §1983. *In personam* jurisdiction existed because (1) Plaintiff, self-represented, submitted to the district court's jurisdiction by the act of filing his complaint, and also because (2) the complaint shows that Plaintiff is **not** a non-existent entity but

rather a real person, known to Defendants, with a real controversy with Defendants, and real claims against the Defendants that a court has the power to resolve. In his complaint, the plaintiff described actual historical events related to his claims of discrimination and retaliation, not hypothetical ones, giving times and places for them. He described particular injuries that he suffered from the alleged misconduct, for which he seeks damages that a court can award. His claims of discrimination and retaliation were alleged under the ADA, the GINA, and Title VII, over which federal courts have jurisdiction. Of course, what the plaintiff alleged remain allegations that must be proved to entitle him to any recovery. There is nothing in his complaint to suggest that what the plaintiff alleged was fictitious. See *B.R. v. F.C.S.B.*, No. 21-1005 (4th Cir. 2021). Moreover, the Defendants filings reveal that Defendants are well aware of Plaintiff's identity and of the underlying facts alleged in the complaint.

While the court dismissed the plaintiff's complaint and action *sua sponte* without prejudice, the effect of the dismissal was *de facto* prejudicial to the plaintiff because the time for refiling the case expired prior to the dismissal. The 90 days the plaintiff had to file suit upon receipt of the EEOC's right-to-sue letter intervened between the date the complaint was filed on August 15, 2022, and the date the dismissal was entered on October 13, 2022. Dismissal in this case was *de facto* prejudicial because it created an argument that Plaintiff's time to refile his suit. Defendants strongly hinted at this argument in their Motion to Dismiss filed on September 16, 2022. Similarly, dismissal in this case was *de facto* prejudicial because it created an argument that service of process, which lies within the hands of the court when a plaintiff is granted status under 28 USC 1915(e), was not performed within the time required by the Fed. R. Civ. P. See *Tingler v. Marshall*, 716 F.2d 1109 (6th Cir. 1983).

Even though the court found that the plaintiff had an arguable claim and saw fit to exercise jurisdiction to issue an order restraining his ability to communicate, it denied him a notice of the pending dismissal alerting him to the legal theory underlying the challenge, and denied him the opportunity to meaningfully respond by opposing the motion to dismiss on legal grounds. Sixth Circuit "precedent disfavors *sua sponte* dismissals of complaints on the merits." *Doe v. Oberlin Coll.*, 60 F.4th 345, 351 (6th Cir. 2023). A district court is required "to give a plaintiff notice of the specific grounds for a planned sua sponte dismissal on the merits." Id. Here, the plaintiff was denied the proper procedural safeguards. The Sixth Circuit has opined that *sua sponte* dismissals "are not favored because they are unfair to the litigants and ultimately waste, rather than save judicial resources." *Tingler v. Marshall*, 716 F.2d 1109 (6th Cir. 1983).

## CONCLUSION

WHEREFORE, the plaintiff prays that the court will enter an order granting him no less than 30 days after the resolution of appeal pending before the Sixth Circuit in which to file an amended complaint which will be considered be timely and to relate back to his original filing of August 15, 2022 and for such other relief as allowed by law and the Federal Rules of Civil Procedure.

Dated: October 13, 2023

Respectfully submitted,

_____
John Koe
PO Box 527
Novelty OH 44072-0527
Tel: (330) 732-5001
Email: john@johnkoe.org

Plaintiff, self-represented

## CERTIFICATE OF SERVICE

I certify that on October 13, 2023, a copy of the foregoing was filed with the clerk of the District Court. Notice of this filing should be sent to all parties registered as users in CM/ECF who may access this filing through the Court's electronic filing system.

Dated: October 13, 2023

John Koe
PO Box 527
Novelty OH 44072-0527
Tel: (330) 732-5001
Email: john@johnkoe.org

Plaintiff, self-represented