**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**FILED**
4:51 pm Oct 18 2023
Clerk U.S. District Court
Northern District of Ohio
Cleveland

| | | |
|---|---|---|
| **JOHN KOE,** | ) | **CASE NO. 1:22 CV 01455** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | <u>**ORDER**</u> |
| | ) | |
| **UNIVERSITY HOSPITALS HEALTH** | ) | |
| **SYSTEM, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

*Pro se* plaintiff John Koe filed a motion for relief from the Court's judgment entered on October 13, 2022, purusant to Rule 60(b) of the Federal Rules of Civil Procedure, exactly one year after judgment was entered. Before Plaintiff filed his motion for relief, however, he filed a notice of appeal to the Sixth Circuit. (Doc. No. 11).

A notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379, 105 S. Ct. 1327, 84 L. Ed. 2d 274 (1985) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 74 L. Ed. 2d 225 (1982) (per curiam)). This includes the jurisdiction to consider Rule 60(b) motions. *Pickens v. Howes*, 549 F.3d 377, 383 (6th Cir. 2008) ("After an appeal of a trial court's final

judgment has been perfected by the filing of a notice of appeal, the trial court no longer has jurisdiction to grant a Rule 60(b) motion." (citation omitted)). Therefore, this Court lacks jurisdiction to rule on Plaintiff's motion.

The Sixth Circuit, however, permits district court review of such motions during the pendency of an appeal "for the limited purpose of determining whether the court would be inclined to grant the motion." *Short v. Bradshaw*, No. 1:07 CV 2989, 2009 U.S. Dist. LEXIS 11612, *2 (N.D. Ohio Feb. 3, 2009) (citing *Akemon v. Brunsman*, No. C-1-06-166, 2008 U.S. Dist. LEXIS 31851, 2008 WL 1766707, *2 (S.D. Ohio Apr. 17, 2008)). To seek Rule 60(b) relief during the pendency of an appeal, the "proper procedure is for [an appellant] to file his motion in the district court. If that court indicates that it will grant the motion, the appellant should then make a motion in [the] court [of appeals] for a remand of the case in order that the district court may grant the motion." *Post v. Bradshaw*, 422 F.3d 419, 422 (6th Cir. 2005)

Conducting a limited inquiry to indicate whether it would be inclined to grant Plaintiff's motion for relief, pursuant to *Post*, this Court finds that it would not grant Plaintiff's Rule 60(b) motion.

Fed. R. Civ. P. 60(b) provides grounds for relief from a final judgment for several delineated reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

Rule 60(b) does not grant a defeated litigant "a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). The purpose of a Rule 60(b) motion, rather, is to permit a district court to reconsider its judgment when that judgment rests on a defective foundation. The factual predicate of a Rule 60(b) motion therefore concerns some irregularity or procedural defect in the procurement of the judgment denying relief. *See In re Abdur'Rahman*, 392 F.3d 174, 179-80 (6th Cir. 2004) (en banc), judgment vacated in *Bell v. Abdur'Rahman*, 545 U.S. 1151, 125 S. Ct. 2991, 162 L. Ed. 2d 909 (2005).

Relief under Rule 60(b) is "'circumscribed by public policy favoring finality of judgments and termination of litigation.'" *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)); *Vargo v. D & M Tours, Inc.*, No. 4:18CV01297, 2020 U.S. Dist. LEXIS 35367, at *9 (N.D. Ohio  Mar. 2, 2020) (finding that regardless of the subsection of Rule 60(b), relief granted under Rule 60(b) is "the exception, not the rule" because the courts are guided by the constraints imposed by public policy favoring finality of judgment and termination of litigation).

Here, Plaintiff fails to identify some irregularity or procedural defect in the procurement of the judgment. Plaintiff argues that the Court erred in finding it lacked jurisdiction over the complaint and the Court denied him the opportunity to file an amended complaint before dismissing the complaint, to his prejudice. (*See* Doc. No. 14). Upon dismissal, however, the Court provided Plaintiff 14 days to file a motion to reopen the case and file an amended complaint. (*See* Doc. No. 7). Plaintiff's motion is merely another attempt to convince the court

to rule in his favor and is an insufficient basis for the Court to grant relief from judgment entered one year ago. Permitting an amended complaint under these circumstances would undermine the policy demands of Rule 60, which necessarily balance justice with interests in litigation finality. *See Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010).

Accordingly, the Court finds it lacks jurisdiction to rule on Plaintiff's Rule 60(b) motion for relief from judgment, and it further finds no proper basis to grant the motion. Plaintiff's motion (Doc. No. 14) is therefore denied.

**IT IS SO ORDERED**.

**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**