FILED

MAY 28 2024

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JOHN KOE** | ) | CASE NO. 1:22-CV-01455 |
| Plaintiff | ) ) | JUDGE DAN A. POLSTER |
| vs. | ) ) ) | |
| **UNIVERSITY HOSPITALS HEALTH SYSTEM, INC., et al.,** | ) ) ) | |
| Defendants. | ) ) | |

**LEAVE TO FILE MOTION FOR RELIEF FROM JUDGEMENT**

Plaintiff respectfully requests leave to file a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) for relief from the void final judgment entered on October 13, 2022 dismissing Plaintiff's civil rights action; dismissing Plaintiff's claims against Defendants University Hospitals Health System, Inc. and University Hospitals Cleveland Medical Center; and terminating this case.

Plaintiff seeks to continue this case which seeks redress for injuries related to conduct traceable to UH including the termination of his employment during and motivated by his ongoing participation with administrative agencies including the EEOC and NLRB. This alleged discriminatory conduct is unlawful under, without limitation, Title VII of the Civil Rights Act ("Title VII") 42 U.S.C. § 2000e et seq, the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12111 et seq., and the Genetic Information Non-Discrimination Act ("GINA"), 42 U.S.C. § 2000ff et seq. The ADA and the GINA incorporate by reference the powers, procedures, and remedies of Title VII codified at 42 U.S.C. § 2000e–5. See 42 U.S.C. § 12117(a) and 42 U.S.C. §

2000ff-6(a) respectively. When Congress enacted Title VII, it entrusted the courts the power and duty to hear and decide cases and provide remedies for unlawful employment practices. 42 U.S.C. § 2000e–5. Thus, this Court has the jurisdiction to hear Plaintiff's case.

In the recently decided appeal in this case, the Sixth Circuit only affirmed this Court's judgment with respect to the "dismissal of Koe's complaint <u>without prejudice</u>." (Case No. 22-3952, Order dated March 8, 2024 at 5) (emphasis added). The Sixth Circuit also reversed the district court's judgment with respect to the improvident grant of the injunctive order sought by UH. (Case No. 22-3952, Order dated March 8, 2024 at 6). Accordingly, there is no law of the case barring this honorable Court's reconsideration of its final judgment terminating this case and whether that judgment rests on a defective foundation. Fed. R. Civ. P. "Rule 60(b)(4) strikes a balance between the need for finality of judgments and the importance of ensuring that litigants have a full and fair opportunity to litigate a dispute." *United Student Aid Funds v. Espinosa*, 559 U.S. 260, 276 (2010). Plaintiff and Defendants have not had a full and fair opportunity to litigate this dispute.

For the foregoing reasons, Plaintiff respectfully requests leave to file a motion seeking relief from the Court's final judgment.

Dated: May 28, 2024

Respectfully submitted,

*/s/ John Koe*

John Koe
PO Box 527
Novelty OH 44072-0527
Tel: (330) 732-5001
Email: john@johnkoe.org

Plaintiff, self-represented

## CERTIFICATE OF SERVICE

I certify that on May 28, 2024, a copy of the foregoing was filed with the clerk of the District Court. Notice of this filing should be sent to all parties registered as users in CM/ECF who may access this filing through the Court's electronic filing system.

Dated: May 28, 2024

John Koe
PO Box 527
Novelty OH 44072-0527
Tel: (330) 732-5001
Email: john@johnkoe.org

Plaintiff, self-represented