UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
SEP 11 2024
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | |
|---|---|
| NICHOLAS KRUDY (fka John Koe) | )<br>)<br>) |
| Plaintiff | )<br>) CASE NO. 1:22-CV-01455<br>)<br>) |
| vs. | )<br>)<br>) |
| UNIVERSITY HOSPITALS HEALTH SYSTEM, INC., et al., | )<br>)<br>) |
| Defendants. | ) |

## MOTION FOR RELIEF

Plaintiff Nicholas Krudy (fka John Koe) respectfully moves for relief from judgment in the form of an order reopening this case.

The Court's order denying Plaintiff's prior motion for leave to file a motion seeking relief from judgment on the basis of futility, (ECF No.20.) appears to be grounded in a mistaken assumption that Plaintiff will only prosecute this action if he is allowed to do so "anonymously" i.e. under a pseudonym. Plaintiff has not indicated that he would necessarily abandon prosecution of his action or claims if denied the extraordinary privilege of leave to proceed under a pseudonym. Plaintiff's use of a pseudonym at the time of initial filing and whether or not Plaintiff was granted leave to proceed under a pseudonym are issues that ultimately have nothing to do with the Court's jurisdiction or duty to hear Plaintiff's federal employment discrimination and retaliation claims.

- 1 -

Fed. R. Civ. P. "Rule 60(b)(4) strikes a balance between the need for finality of judgments and the importance of ensuring that litigants have a full and fair opportunity to litigate a dispute." *United Student Aid Funds v. Espinosa*, 559 U.S. 260, 276 (2010). Rule 60(b)(4) pertains to from relief from final judgments, not interlocutory judgments. The final judgment dismissing Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) (ECF Doc. 8) is void in the meaning of Rule 60(b)(4). Citing its authority under 28 U.S.C. § 1915(e), the Court entered its final judgment (Doc. 8) sua sponte without notice and without affording Plaintiff an opportunity to be heard. This is the sort of "violation of due process that would render the Judgment void for purposes of Rule 60(b)(4)" under the criteria for Rule 60(b)(4) relief identified by the Supreme Court in *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). Furthermore, the judgment (ECF Doc. 8) reflects the sort of "jurisdictional defect [....] that would render the Judgment void for the purposes of Rule 60(b)(4). *Id.* That is because: "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex Parte McCardle*, 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868). The Court's final judgment (ECF Doc. 8) cited authority under 28 U.S.C. § 1915(e) and predicated on its order determining and declaring that it lacked jurisdiction, (ECF Doc. 7). The Court's declaration that it lacked jurisdiction and sua sponte dismissal of the case was by definition a disavowal of power to adjudicate Plaintiff's claims. However, it is beyond dispute that the Court has jurisdiction to hear Plaintiff's federal employment discrimination and retaliation claims under Title VII, the Americans with Disabilities Act as amended, and the Genetic Information Non-Discrimination Act. There is a "starting presumption that when jurisdiction is conferred, a court may not decline to exercise it." *Union Pac. R.R. Co. v. Bhd. Eng'rs*, 558 U.S. 67, 71 (2009); *Cohens v. Virginia*, 19 U.S. 264, 404 (1821) (the courts "have no more right to decline the exercise of jurisdiction

which is given, than to usurp that which is not given."). In other words, it is the responsibility of a federal court to ensure that parties who are properly before the court are heard and afforded a just and coherent answer to their claims. Plaintiff is still seeking and entitled to a full and fair opportunity to litigate his employment discrimination and retaliation claims, and the Court has jurisdiction to hear these claims. Thus, Plaintiff respectfully seeks relief from the final judgment dismissing his claims pursuant to 28 U.S.C. § 1915(e) and terminating this case in the form of an order re-opening or re-instating this case.

Plaintiff understands that the Court has said "Plaintiff is permitted to re-file his claims, but he may not do so anonymously" (ECF. No.20). However, Plaintiff has been unable to determine what precise steps are required to continue this case. Plaintiff is contemporaneously filing a separate motion to amend the caption in this case along with this motion seeking relief from judgment.

For the foregoing reasons, Plaintiff moves for relief from judgment in the form of an order reopening or reinstating this case.

Dated: September 11, 2024　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Nicholas Krudy

　　　　　　　　　　　　　　　　　　　　　　　　　　Nicholas Krudy
　　　　　　　　　　　　　　　　　　　　　　　　　　(fka John Koe)

　　　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff, for himself

　　　　　　　　　　　　　　　　　　　　　　　　　　Nicholas Krudy
　　　　　　　　　　　　　　　　　　　　　　　　　　PO Box 527
　　　　　　　　　　　　　　　　　　　　　　　　　　Novelty OH 44072-0527

　　　　　　　　　　　　　　　　　　　　　　　　　　Tel: (330) 732-5001

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2024, I deposited a copy of the forgoing Motion for Relief with the Clerk of the United States Court for the Northern District of Ohio. When the Clerk scans and uploads the document into CM/ECF, notice of this filing and service will be sent to all parties who are CM/ECF system users.

*/s/ Nicholas Krudy*
Nicholas Krudy