FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

OCT 3 0 2024

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | | |
|---|---|---|
| **NICHOLAS KRUDY** | ) | **CASE NO. 1:22-CV-01455** |
| Plaintiff | ) | **JUDGE DAN A. POLSTER** |
| vs. | ) | |
| **UNIVERSITY HOSPITALS HEALTH SYSTEM, INC., et al.,** | ) | |
| Defendants. | ) | |

## MOTION FOR LEAVE TO AMEND

Plaintiff respectfully moves for leave to file an amended complaint in this action for the reasons that follow.

On appeal, the Sixth Circuit affirmed only "dismissal of [Plaintiff's] complaint without prejudice" to refiling—not Plaintiff's action. See *Koe v. Univ. Hosps. Health Sys., Inc.*, No. 22-3952, at *5 (6th Cir. Mar. 8, 2024). Essential to the Sixth Circuit's decision was that the dismissal of the complaint without prejudice was that the dismissal was "harmless" in the meaning of 28 U.S.C. § 2111 in that dismissal of the complaint had no "effect on the substantial rights of the parties." *Id.* Enforcing an unaffirmed dismissal of this action would be harmful in that it would have an effect the rights of parties in that it would (1) leave Plaintiff unable to file a new action within the statute of limitations; and thus (2) grant Defendants a defense under e.g. Fed. R. Civ. P. 8(c)(1). The purpose of "relation back" under Rule 15(c) is intended to insure against forfeiture and injustice. While "[t]he relation back of amendments changing plaintiffs is not expressly treated in revised Rule 15(c)", "the attitude taken in revised Rule 15(c) toward

change of defendants extends by analogy to amendments changing plaintiffs." *Id.* An amended pleading in this action would relate back under Rule 15 to the initial complaint Plaintiff filed on August 15, 2022. The policy of the statute limiting the time for suit against Defendants would not be offended by allowing Plaintiff to file an amended pleading. Prior to the Court's October 13, 2022 dismissal, Defendants appeared and submitted filings in this action. See ECF Docs. 3, 4, and 5. Defendants had notice of Plaintiff's action within the applicable limitations period. Defendants have always been aware of Plaintiff's identity. Defendants subsequently participated in the appeal taken by Plaintiff. See *John Koe v. University Hospitals Health Systems, Inc.*, 22-3952, (6th Cir.).

Rule 15 "concerns amended pleadings, not new pleadings in separate actions." *Marcoux v. Shell*, 524 F.3d 33, 41 (1st Cir. 2008). The Sixth Circuit has squarely "rejected the argument that the initial complaint in a new [action] can 'relate back' to another complaint in a dismissed [action]" under Rule 15. *Watkins v. Stephenson*, 57 F.4th 576, 580 (6th Cir. 2023) (citing cases). A refusal to re-open or re-instate Plaintiff's action, would preclude "relation back" under Rule 15. "To deny relation back is to defeat unjustly the claimant's opportunity to prove his case." Fed. R. Civ. P. 15 advisory committee note (1966). Thus, denying leave to file an amended pleading in this action—that would relate back under Rule 15(c)(1)—would unjustly deny Plaintiff an opportunity to have his claims adjudicated in a proper decision on the merits. Under Rule 15, the Court "should freely give leave when justice so requires."

Because justice so requires, Plaintiff an order should issue permitting Plaintiff leave to file an amended complaint in this action that would relate back under Fed. R. Civ. P. 15.

Dated: October 30, 2024					Respectfully submitted,

							_____
							Nicholas Krudy

							Plaintiff, for himself

							Nicholas Krudy
							PO Box 527
							Novelty OH 44072-0527

							Tel: (330) 732-5001
							john@johnkoe.org

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2024, I deposited a copy of the forgoing Motion for Amend Caption with the Clerk of the United States Court for the Northern District of Ohio. When the Clerk scans and uploads the document into CM/ECF, notice of this filing and service will be sent to all parties who are CM/ECF system users.

_____
Nicholas Krudy