

**FILED**

OCT 3 0 2024

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS KRUDY | ) | **CASE NO. 1:22-CV-01455** |
| | ) | |
| **Plaintiff** | ) | **JUDGE DAN A. POLSTER** |
| | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| UNIVERSITY HOSPITALS HEALTH | ) | |
| SYSTEM, INC., et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

## MOTION TO REOPEN / REINSTATE

Plaintiff respectfully moves to the Court to reopen or reinstate this action.

The Sixth Circuit's decision affirmed only the "dismissal of [the] complaint without prejudice" to refiling, not the involuntary dismissal of Plaintiff's action. See *Koe v. Univ. Hosps. Health Sys., Inc.*, No. 22-3952, at *5 (6th Cir. Mar. 8, 2024). Essential to the Sixth Circuit's decision to affirm the dismissal of the complaint was that the dismissal was said to be "harmless error" under 28 U.S.C. § 2111 in that it had no "effect on the substantial rights of the parties." *Id.* Enforcing an unaffirmed dismissal of the action by refusing to re-open or re-instate it would be harmful in that it would have an effect the rights of parties, (1) leaving Plaintiff unable to file a new action within the statute of limitations; and thus (2) granting Defendants a defense under e.g. Fed. R. Civ. P. 8(c)(1). "Relation back" under Rule 15 "is intimately connected with the policy of the statute of limitations." Fed. R. Civ. P. 15 advisory committee note (1966). Relation back under Rule 15 is intended to insure against forfeiture and injustice in this regard. While "[t]he relation back of amendments changing plaintiffs is not expressly treated in revised Rule

- 1 -

15(c)", "the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs." *Id.* An amended pleading in this action would relate back under Fed. R. Civ. P. 15(c)(1) to the initial complaint Plaintiff filed in this action on August 15, 2022.

The policy of the statute limiting the time for suit against Defendants would not be offended by re-opening this action and permitting Plaintiff leave to file an amended complaint under his real name. Prior to the Court's October 13, 2022 dismissal, Defendants appeared and submitted filings in this action. See ECF Docs. 3, 4, and 5. Defendants had notice of Plaintiff's action and were aware of his identity within the applicable limitations period. Defendants subsequently participated in the appeal taken by Plaintiff, *John Koe v. University Hospitals Health Systems, Inc.*, 22-3952, (6th Cir.), and thus were aware that only the complaint—not Plaintiff's action—was dismissed without prejudice.

Rule 15 "concerns amended pleadings, not new pleadings in separate actions." *Marcoux v. Shell*, 524 F.3d 33, 41 (1st Cir. 2008). The Sixth Circuit has already squarely "rejected the argument that the initial complaint in a new [action] can 'relate back' to another complaint in a dismissed [action]" under Rule 15. *Watkins v. Stephenson*, 57 F.4th 576, 580 (6th Cir. 2023) (citing cases). To deny to re-open or re-instate this action would be to preclude "relation back" under Rule 15. And "[t]o deny relation back is to defeat unjustly the claimant's opportunity to prove his case." Fed. R. Civ. P. 15 advisory committee note (1966). *Rule 15*(a) provides that leave to amend "shall be freely given when justice so requires."

The one-year limit for motions for relief under Fed. R. Civ. P. Rule 60(c) expressly applies to those sought for reasons (1), (2), and (3) of Fed. R. Civ. P. 60(b). Plaintiff is not seeking relief on those grounds. Plaintiff's previous filings expressly cited Fed. R. Civ. P. Rule

60(b)(4) as the grounds for relief from the void and unaffirmed dismissal of Plaintiff's action entered before Plaintiff was afforded notice or an opportunity to cure or be heard. Plaintiff's filings can be read to alternatively seek under Fed. R. Civ. P. Rule 60(b)(6).

Because justice so requires, Plaintiff's an order should issue re-opening or reinstating this action so that Plaintiff may have the opportunity to file an amended complaint in this action that would relate back under Fed. R. Civ. P. 15.

Dated: October 30, 2024

Respectfully submitted,

Nicholas Krudy

Plaintiff, for himself

Nicholas Krudy
PO Box 527
Novelty OH 44072-0527

Tel: (330) 732-5001
john@johnkoe.org

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2024, I deposited a copy of the forgoing Motion for Amend Caption with the Clerk of the United States Court for the Northern District of Ohio. When the Clerk scans and uploads the document into CM/ECF, notice of this filing and service will be sent to all parties who are CM/ECF system users.

Nicholas Krudy

- 4 -