UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED

FEB 25 2025

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | | |
|---|---|---|
| **JOHN KOE** | ) | CASE NO. 1:22-CV-01455 |
| | ) | |
| **Plaintiff** | ) | JUDGE DAN A. POLSTER |
| | ) | |
| vs. | ) | |
| | ) | |
| **UNIVERSITY HOSPITALS HEALTH SYSTEM, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MOTION FOR RELIEF

Plaintiff moves this Court for relief from its final decision (ECF 26) refusing to allow him to continue this action by filing an amended complaint in his legal name Nicholas Krudy.

The Court's final decision (ECF 26) requiring Plaintiff to file a new action (i.e. case / lawsuit) ignores or disregards Plaintiff's points (see ECF 25) that extant law including Sixth Circuit precedent appears to generally preclude a complaint filed as a new action and a complaint filed in a prior action from relation back under Fed. R. Civ. P. Rule 15. Accordingly, Plaintiff filed a timely Notice of Appeal to the Sixth Circuit Court of Appeals on December 2, 2024.

Plaintiff clarifies that he was not seeking a blanket order predetermining any amended complaint he filed to relate back to the initial timely complaint filed in this action using the pseudonym John Koe. Plaintiff appreciates that the Court cannot conduct a relate back analysis without the submission of a proposed amended complaint. Plaintiff respectfully asks the court to reconsider its decisions (ECF 26; ECF 23) with the aid of the proposed amended complaint being submitted as an attachment to this motion. The proposed first amended complaint uses Plaintiff's

- 1 -

legal name Nicholas Krudy caption curing any caption defect under Fed. R. Civ. P. Rule 10(a) and other pleading defect related to his use of a pseudonym.

Plaintiff fully incorporates his earlier arguments from ECF 25 reproduced below for ease of reference.

The Sixth Circuit's decision affirmed only the "dismissal of [the] complaint without prejudice" to refiling, not the involuntary dismissal of Plaintiff's action. See *Koe v. University Hospitals Health Sys., Inc.*, No. 22-3952, at *5 (6th Cir. Mar. 8, 2024). Essential to the Sixth Circuit's decision to affirm the dismissal of the complaint was that the dismissal was said to be "harmless error" under 28 U.S.C. § 2111 in that it had no "effect on the substantial rights of the parties." *Id.* Enforcing an unaffirmed dismissal of the action by refusing to re-open or re-instate it would be harmful in that it would have an effect the rights of parties, (1) leaving Plaintiff unable to file a new action within the statute of limitations; and thus (2) granting Defendants a defense under e.g. Fed. R. Civ. P. 8(c)(1). "Relation back" under Rule 15 "is intimately connected with the policy of the statute of limitations." Fed. R. Civ. P. 15 advisory committee note (1966). Relation back under Rule 15 is intended to insure against forfeiture and injustice in this regard. While "[t]he relation back of amendments changing plaintiffs is not expressly treated in revised Rule 15(c)", "the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs." *Id.* An amended pleading in this action would relate back under Fed. R. Civ. P. 15(c)(1) to the initial complaint Plaintiff filed in this action on August 15, 2022.

The policy of the statute limiting the time for suit against Defendants would not be offended by re-opening this action and permitting Plaintiff leave to file an amended complaint under his real name. Prior to the Court's October 13, 2022 dismissal, Defendants appeared and

submitted filings in this action. See ECF Docs. 3, 4, and 5. Defendants had notice of Plaintiff's action and were aware of his identity within the applicable limitations period. Defendants subsequently participated in the appeal taken by Plaintiff, *John Koe v. University Hospitals Health Sys., Inc.*, 22-3952, (6th Cir.), and thus were aware that only the complaint—not Plaintiff's action—was dismissed without prejudice.

Rule 15 "concerns amended pleadings, not new pleadings in separate actions." *Marcoux v. Shell*, 524 F.3d 33, 41 (1st Cir. 2008). The Sixth Circuit has already squarely "rejected the argument that the initial complaint in a new [action] can 'relate back' to another complaint in a dismissed [action]" under Rule 15. *Watkins v. Stephenson*, 57 F.4th 576, 580 (6th Cir. 2023) (citing cases). To deny to re-open or re-instate this action would be to preclude "relation back" under Rule 15. And "[t]o deny relation back is to defeat unjustly the claimant's opportunity to prove his case." Fed. R. Civ. P. 15 advisory committee note (1966). Rule 15(a) provides that leave to amend "shall be freely given when justice so requires."

Because justice so requires, Plaintiff's an order should issue re-opening or reinstating this action so that Plaintiff may have the opportunity to file an amended complaint in this action that would relate back under Fed. R. Civ. P. 15.

For the foregoing reasons, Plaintiff requests that the Court re-open this action and allow this action to proceed so that Plaintiff's claims may be determined on the merits.

Attached: Proposed 1st Amended Complaint

Dated: February 25, 2025 (JMK)

Respectfully submitted,

/s/

- 3 -

- 4 -

Nicholas Krudy

John Koe, a pseudonym
l/k/a/ Nicholas Krudy

Plaintiff, self-represented

PO Box 527
Novelty OH 44072-0527

Tel: (330) 732-5001
john@johnkoe.org
